**Roy M. LIVINGSTONE, Plaintiff,**

**v.**

**Oveta Culp HOBBY, Secretary of Health, Education and Welfare, Washington, D. C.**

**Civ. A. No. 16097.**

United States District Court,
E. D. Pennsylvania.

Nov. 12, 1954.

John Martin Doyle, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., G. Clinton Fogwell, Jr., and Robert W. Lees, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

WELSH, District Judge.

In this action the defendant has filed (a) a motion to dismiss the complaint for lack of jurisdiction, and (b) a motion to quash service and return of process and to dismiss the complaint.

Defendant's first contention is that plaintiff failed to commence the present action within 60 days after defendant mailed to him, plaintiff, notice of a final decision, as required by Section

205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g).[1]

The record discloses: Notice of a final decision was mailed to plaintiff by defendant on October 1, 1953; the instant complaint was filed by plaintiff on November 27, 1953 and a summons was issued to plaintiff's counsel on the same day; delivery of the complaint and summons to the United States Marshal was made on June 21, 1954 and service of same was made on June 22, 1954.

It is our belief that the action was commenced within the time allowed by the Act, i. e., within 60 days after the mailing of the notice of final decision. It will be observed that Section 205(g) of the Act is silent with respect to delivery of a complaint and summons to the Marshal for service. It merely provides that to obtain a review of the final decision of the defendant an aggrieved party may commence a civil action in the United States District Court within 60 days after the mailing to him of the notice of a final decision.

Comment with respect to the effect of the approximate 7 months delay in delivering the complaint and summons to the Marshal for service appears below.

 Defendant's second contention is that said 7 months delay amounts to a failure to prosecute, for which this Court may order a dismissal pursuant to the Federal Rules of Civil Procedure, 28 U.S.C. The contention involves the exercise of the Court's sound discretion and therefore as always the facts and circumstances of the particular case control. On the one hand here the defendant shows no actual prejudice and simply rests on the fact that plaintiff's counsel waited nearly 7 months before delivering the complaint and summons to the Marshal for service. On the other hand

while the plaintiff has offered no excuse for the delay, he does point out that the delay has not prejudiced the defendant in the preparation of her case for the reason that it is his intention to present no evidence and to rely on the record made before the defendant and that as a consequence only questions of law are involved, as to which prejudice does not customarily result from the lapse of 7 months.

The circumstances, we feel, do not justify the sustaining of defendant's contention.

For reasons appearing herein defendant's motions will be denied.

---

[1] "(g) Any individual, after any final decision of the Administrator made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Administrator may allow. * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Administrator, with or without remanding the cause for a rehearing."