**UNITED STATES of America**

v.

**Howard GREITZER.**

**Civ. A. 18267.**

United States District Court
E. D. Pennsylvania.

Oct. 28, 1955.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for plaintiff.

Herbert Somerson, of Winer, Einhorn & Somerson, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case is before the court on defendant's motion for summary judgment under Rule 56, 28 U.S.C. This action was brought by the United States to recover from this defendant and three other defendants, whose cases are not now under consideration, for alleged violations of the Surplus Property Act of 1944.[1]

■ In accordance with my opinion of October 25, 1955, in United States v. Covollo, D.C., 136 F.Supp. 107, I hold that the statute of limitations did not run on this cause of action until December 31, 1954. The initial complaint in this case was filed on December 29, 1954, two days before the statute would have otherwise been a bar to this action. This complaint prayed for recovery under the Surplus Property Act of 1944 and stated that the defendants engaged in an agreement, combination or conspiracy to obtain seven specifically described trucks to which they were not entitled.[2] Defendant contends that this initial complaint was defective for reasons of form. However, in view of the notice theory of pleading authorized in the Federal Courts, the complaint was sufficient to apprise the defendants of the nature of plaintiff's claim. Each ingredient of the offense need not be alleged in detail as defendant suggests.[3]

■■ On May 4, 1955, plaintiff filed an amended complaint which set out how each of five of these trucks were acquired by the various defendants and disposed of in violation of the Surplus Property Act of 1944, thereby diminishing the scope of the original complaint. Defendant claims that this amended complaint, which was filed after the statute of limitations had run, stated a new cause of action which was barred. The law is clear that an amended complaint which sets up no new cause of action related back to the date of filing of the initial complaint as regards the running of the statute of limitations.[4] In view of the notice-type pleading that is provided for by the Federal Rules and also con-

---

1. Act of October 3, 1944, Chap. 479, 58 Stat. 765, as amended, repealed and re-enacted as Act of June 30, 1949, Chap. 288, Title II, Section 209, 63 Stat. 392, 40 U.S.C.A. § 489.

2. "Plaintiff says that defendants used or engaged in or caused to be used or engaged in or entered into an agreement, combination or conspiracy to use or engage in a fraudulent trick, scheme or device for the purpose of securing or obtaining surplus property from the United States to which they were not entitled, namely, 1942 Ford pick-up truck, 1942 Ford 1½ ton pick-up truck, International dump truck, 1942 Diamond T Truck, 1941 Dodge pick-up truck, 1942 GMC truck, and 1942 International ½ ton truck.

"Wherefore, plaintiff prays for relief as provided in said statute."

3. See, for example, Compton v. Union Supply Co., D.C.W.D.Pa.1953, 110 F.Supp. 3; John Walker & Sons, Ltd. v. Tampa Cigar Co., Inc., 5 Cir., 1952, 197 F.2d 72.

4. "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Rule 15(c) of Federal Rules of Civil Procedure. See, also, United States v. Scheffrin, D.C.N.J., 1953, 14 F.R.D. 462.

sidering the extensive discovery opportunities which these rules offer to litigants, the slight variations between the initial complaint and the amended complaint are insignificant. Also, it does not appear that defendant was prejudiced by this amended complaint, which, in fact, more fully apprised him of the nature of this case. Therefore, the amended complaint relates back to the initial filing date and was timely.

■ Defendant finally argues that the action was barred by the fact that service was not made promptly on him. The docket entries show that the initial complaint was filed on December 29, 1954, and a summons was issued on that date. Such action tolls the running of the statute of limitations.[5] The file discloses that the summons, dated December 29, 1954, was received by the U. S. Marshal's office on January 10, 1955, and it bears, after the name of this defendant, the following in pencil:

"6039 Fontenac Street"

Under this address there is written in pencil, in another handwriting, the words "Moved out." On the back of the summons, the return signed by the Deputy U. S. Marshal states that it was served on another defendant on March 29 but "as to Howard Greitzer—not found."

There is no allegation or other indication in the record that the Fontenac Street address was not furnished to the Marshal on January 10, 1955, when he received the summons. An alias summons was issued by the Clerk on May 9, 1955, and delivered to the Marshal on May 16, 1955. This alias summons bears the following address in ink under the name of the defendant Greitzer:

"6308 Leonard Street, Philadelphia, Pa."

The return of service on the alias summons shows the defendant Greitzer was personally served with a copy of this alias summons and with the amended complaint on May 31, 1955. Defendant claims that the delay of five months between the issuance of the first summons and the actual service constitutes grounds for dismissal of the action for lack of diligence in prosecution.[6] If this service of process is valid, it can be argued that there is being added to the statute of limitations a period of approximately five months. Under the facts as they appear in the record, it does not seem to me proper to dismiss the complaint because of the delay in service. Plaintiff delivered the summons promptly to the Marshal on January 10, showing an address where he believed the de-

---

5. Bomar v. Keyes, 2 Cir., 1947, 162 F.2d 136, certiorari denied 1947, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400, and cases cited in Note 61, page 734, Vol. 2, Moore's Federal Practice, also page 42 of 1955 Supplement.

6. Defendant's counsel apparently relies on Rule 41(b) as the basis for dismissal of the action for lack of diligence in prosecution. There is considerable question as to whether Rule 41(b) was designed to authorize dismissal of an action within six months of its institution for failure of the Marshal to make service of process. See Hackner v. Guaranty Trust Company of New York, 2 Cir., 1941, 117 F.2d 95, footnote 1 at page 99, and Adams v. Jarka Corporation, Inc., D.C.S.D.N.Y., 1948, 8 F.R.D. 571. It would appear that any dismissal of the action on this ground would be authorized by Rule 12, which authorizes a motion for dismissal of the action for "insufficiency of process" or "insufficiency of service of process." See Fistel v. Christman, D.C. W.D.Pa.1952, 13 F.R.D. 245, and Schram v. Holmes, D.C.E.D.Mich.1943, 4 F.R.D. 119. In view of the fact that defendant has raised, under heading No. 3 on pages 7 and 8 of his brief, the argument that the complaint should be dismissed because timely service was not made on the defendant and that the plaintiff has attempted to answer this argument on pages 3 and 4 of his supplemental brief filed September 23, 1955, defendant's motion for summary judgment will be considered as including a motion for the dismissal of the action under Rule 12 on the grounds of insufficiency of service of process.

fendant could be reached.[7] Plaintiff had another alias summons issued approximately a month after the Marshal discovered that the first address given him for the defendant was incorrect and this alias summons showed the correct address of the defendant. The alias summons was promptly served with the amended complaint.[8] It is particularly significant that the defendant has made no allegation and produced no evidence whatsoever, by affidavit or otherwise, that he has been prejudiced by the five months' delay in service.[9] Under these circumstances, the defendant's motion for summary judgment will be denied.

7. Even though our local Marshal's office is overworked, the Marshal will always give priority to service of complaints in cases such as this, where the statute of limitations is about to run, if he is requested to do so.

8. Our local rules do not provide any time within which an action will abate for failure to serve process. Cases such as Schram v. Holmes, supra, footnote 6, and Fistel v. Christman, supra, footnote 6, are not applicable because the factual situations are not similar. Under the Pennsylvania cases, the statute of limitations is tolled when the praecipe for summons has been filed, the fees paid, and the case properly indexed and docketed. Gibson v. Pittsburgh Transportation Co., 1933, 311 Pa. 312, 166 A. 842. In the case of Bovaird & Seyfang Mfg. Co. v. Ferguson, 1906, 215 Pa. 235, 64 A. 513, suit was brought upon notes which matured in December 1893 and January 1894. There was a six-year statute of limitations applicable to the cause of action. Summons was issued on March 14, 1898, and returned not found. On March 4, 1904, an alias summons was issued to which there was the same return, and on March 27, 1905, a pluries summons was issued which was returned served. The court held that the action was not barred by the statute of limitations, even though service was not had until some ten years after the cause of action accrued.

9. Livingstone v. Hobby, D.C.E.D.Pa., 1954, 127 F.Supp. 463.