The **TRAVELERS INDEMNITY COMPANY, Appellant,**

v.

**UNITED STATES of America for the Use of CONSTRUCTION SPECIALTIES COMPANY, Appellee.**

No. 9282.

United States Court of Appeals
Tenth Circuit.

Aug. 30, 1967.

M. Dee Biesterfeld, Denver, Colo., for appellant.

Edward B. Almon, Denver, Colo., for appellee.

Before JONES*, SETH and HICKEY, Circuit Judges.

* Of the Fifth Circuit, sitting by designation.

HICKEY, Circuit Judge.

Appellee, a material man, filed an action under the provisions of the Miller Act [1] against the Travelers Insurance Company alleging that the Travelers Insurance Company was surety for the protection of all persons supplying labor and materials to a government project. The materials here in question were last supplied under the Act, as amended, on December 31, 1964. This action was commenced on June 3, 1965, well within the one year prescribed for filing such actions.

The Travelers Insurance Company, after it had been served by substituted service on the Insurance Commissioner for the State of Colorado, filed a motion for bill of particulars which was complied with on September 16, 1965. An answer was subsequently filed and a pretrial conference was held on January 5, 1966, at which time the court ordered the Travelers Insurance Company to furnish a copy of the payment bond to appellee. When the copy was furnished to appellee he discovered that Travelers Indemnity Company rather than Travelers Insurance Company was named as surety. On May 22, 1966, appellee moved to amend its complaint and substitute Travelers Indemnity Company in place of and instead of Travelers Insurance Company. On April 29, 1966, at a hearing on the motion, an employee of the Colorado State Insurance Department identified both companies as doing business in Colorado with the same home address in Hartford, Connecticut, and with the same directors for both corporations. He also testified that the capital stock of Travelers Indemnity Company was wholly owned by Travelers Insurance Company. The witness further testified that the companies were engaged in different types of business, Travelers Insurance Company being qualified to write insurance only on the life of a person, whereas Travelers Indemnity Company was qualified to write a full line of casualty insurance excepting life insurance.

On May 11, 1966, before the court had made a determination on the motion to amend, appellee herein filed the same claim for relief, in the same court, naming the Travelers Indemnity Company and others as defendants. Service was accomplished in the same manner as before. On June 2, 1966, the trial court granted plaintiff's motion to amend by substituting Travelers Indemnity Company for Travelers Insurance Company, and on June 16, 1966, another division of the district court dismissed the claim of May 11, 1966, on the grounds that it was not timely filed under the limitation provisions of the Miller Act. [2]

On September 14, 1966, appellee gave notice to appellant that he intended to apply to the court on October 3, 1966, for judgment by default on the grounds that appellant had failed to plead or otherwise defend itself in the first action. On October 5, 1966, another notice was sent to appellant stating that the application for default judgment was set for hearing on October 17, 1966. On October 19, 1966, the court entered judgment against appellant in favor of the appellee for the amount claimed in the initial complaint of June 3, 1965.

Appellant filed its notice of appeal in due time and comes to this court contending that the trial court erred in substituting appellant under Rule 15, Fed. R.Civ.P., and that the judgment of dismissal granted in the action filed May 11, 1966, was binding upon the trial court and constituted res judicata to the judgment appealed from.

There is a division of authority among the circuits concerning the allowance of amendments which involve the adding of parties. However, we believe the philosophy underlying the federal rules is well expressed by the Supreme Court in Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) and is controlling: "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome

---

1. 40 U.S.C. §§ 270a, 270b, as amended.

2. 40 U.S.C. § 270b.

and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Copeland Motor Co. v. General Motors Co., 199 F.2d 566 (5th Cir. 1952). Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed. Thus the reasons amendments are to be granted freely as justice requires, and the trial court's decision to allow amendment will not be upset unless a clear abuse of discretion exists. Wyoming Construction Co. v. Western Casualty & S. Co., 275 F.2d 97, 104 (10th Cir. 1960); Ziegler v. Akin, 261 F.2d 88, 90 (10th Cir. 1958).

■■ The exercise of discretion in this area necessarily involves concern for the rights of the amending party; but the rights of the added party likewise cannot be ignored. Indeed, the very purpose of the 1966 amendment to Rule 15(c) is the protection of the added party's rights by enumerating the conditions that must be satisfied before relation back of the amendment will be allowed.[3]

Even though the conditions are explicitly stated in Rule 15(c) only because of the 1966 amendment, the history, intent and purpose of the federal rule will not allow a conclusion by this court that the pre-1966 Rule 15(c) demands a different interpretation. The 1966 amendment simply clarifies, by explicitly stating, the permissive procedure and its appropriate safeguards which have existed under Rule 15(c) since its promulgation.

■ The trial court found that the Travelers Insurance Company owns 100% of the capital stock of Travelers Indemnity Company, that the two companies have the same managers and directors and occupy the same office, that the two corporations are closely related, and that their activities supplement one another. The trial court found that Travelers Insurance Company is the parent of Travelers Indemnity Company. The record indicates that the Travelers Insurance Company filed a bill of particulars and an answer to the initial complaint and at no time suggested that it was not the proper party to be sued until after the period of limitation had expired. "Thus, the Travelers Insurance Company 'hid in the bushes' so to speak and finally struck the plaintiff from ambush." In light of these facts the trial court found that the surety company was the entity intended to be before the court and that the surety company was sufficiently apprised of the pendency of the action and given adequate notice.

■ The second claim of appellant is that the judgment of June 16, 1966, is conclusive upon the issues presented in the case appealed herein. The matter of res judicata or equitable estoppel was not considered at the trial court level. Appellant urges its consideration upon us in the face of the rule set out in Schramm v. Oakes, 352 F.2d 143, 150 (10th Cir. 1965): "The defenses of res judicata and collateral estoppel are affirmative defenses, must be raised as such on the trial level and cannot be raised for the first time upon appeal." The above rule clearly answers the appellant's contention.

■ The basic reason for giving the trial court an opportunity to examine the defenses has been recognized in Lee v.

---

3. Present Rule 15(c) requires (1) that the claim asserted in the amended pleading must arise "out of the conduct, transaction, or occurrence set forth * * * in the original pleading * * *"; (2) that the party brought in by the amendment must have received notice of the institution of the action so that it would not be prejudiced in maintaining its defense on the merits; (3) that the party brought in by the amendment must have known, or should have known, that the action would have been brought against it, but for the mistake concerning the identity of the proper party.

Western Wool Processors, Inc., 313 F.2d 13, 16 (10th Cir. 1962) and is stated in Humphrey v. Bankers Mortg. Co. of Topeka, Kan., 79 F.2d 345, 352 (10th Cir. 1935) wherein we are told: "It is well settled that * * * the deliberate judicial acts of one judge are not open to review by another judge of the same court having co-ordinate jurisdiction." If we were to accept appellant's argument, we would recognize that the judgment of Judge Chilson of June 16, 1966, overruled the order of Judge Doyle made June 6, 1966. The trial court did not abuse its discretion by permitting the amendment under Rule 15(c).

Affirmed.