Mrs. Frances **BRITTIAN**

v.

**BELK GALLANT COMPANY OF SUB-URBAN DECATUR, GEORGIA,** Incorporated.

No. 12232.

United States District Court
N. D. Georgia,
Atlanta Division.

May 8, 1969.

Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert, Atlanta, Ga., for plaintiff.

Gambrell, Russell, Moye & Killorin, Atlanta, Ga., David M. McConnell, Charlotte, N. C., for defendant.

### ORDER

EDENFIELD, District Judge.

This is an action for damages under § 706(e, f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e, f). On March 31, 1969, an order was issued by this court denying defendant's motion to dismiss and motion for judgment on the pleadings and granting plaintiff's motion for leave to amend the complaint subject to objections by defendant, D.C., 301 F. Supp. 477. The case is now before the court on defendant's objections to plaintiff's motion to amend.

Defendant contends that because the complaint as originally filed omitted the word "Suburban" from the defendant's name no complaint was filed against the proper defendant (*i. e.*, Belk Gallant Company of Suburban Decatur, Georgia, Incorporated) within the 30-day period allowed by 42 U.S.C. § 2000e–5(e) and that it is now too late to file such a claim.

The court finds this contention to be completely without merit. It is noteworthy that the name is stated in the complaint in exactly the same way that it had been written in various other places and that the defendant made no objection on this ground until after the 30-day statutory period had elapsed.

The determinative factor, however, is that the complaint was served upon the

proper party [1]—*i. e.*, the party who now contends that it was not made a party to this suit within the statutory period. Belk Gallant Company, of Suburban Decatur, Georgia, Incorporated had notice of, and has been involved in, this suit from its very beginning. Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to correct an error in naming a party relates back to the date of the original pleading if the party to be brought in by amendment had notice of the institution of the action and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Accordingly, defendant's motion to strike the amendment to the complaint is denied.

---

1. The Return on Service of Writ shows that the summons and complaint were served upon Mr. J. K. Franklin, Manager, at 2605 North Decatur Road, Decatur, Georgia, on November 18, 1968.