Katie Mae **WASHINGTON**, Individually and on behalf of all others similarly situated,

v.

**T. G. & Y. STORES CO.**, d/b/a **T. G. & Y. Family Center, Shreveport, Louisiana.**

Civ. A. No. 15761.

United States District Court, W. D. Louisiana, Shreveport Division.

March 5, 1971.

Supplemental Opinion April 9, 1971.

Jesse N. Stone, Jr., Shreveport, La., for plaintiff.

Stanley P. Hebert and Russell Specter, Equal Employment Opportunity Commission, Washington, D. C., for amicus curiae.

Cecil E. Ramey, Jr., and Thomas J. Wyatt, Shreveport, La., for defendant.

## RULINGS ON PENDING MOTIONS

BEN C. DAWKINS, Jr., Chief Judge.

This matter is presently before the Court on various motions by defendants, most of which seek dismissal of a complaint filed pursuant to Title VII of the Civil Rights Act of 1964 (Equal Employment Opportunities; 42 U.S.C. §

2000e *et seq.*) alleging discriminatory employment practices.[1]

For purposes of disposition here, the barrage of defense motions may be categorized under (1) lack of capacity, (2) failure to state a claim and lack of jurisdiction, and (3) motions to strike.

## FACTS

For purposes of brevity, and in hope of clarity, we here briefly outline only the essential skeletal facts set forth in the complaint. The operative facts are discussed in detail where necessary in consideration of the relevant motions or related group of motions.

Katie Mae Washington,[2] a Negro female, in this action alleges that she was fired *September 10, 1969*, in violation of Title VII of the Civil Rights Act of 1964. *October 20, 1969*, complainant filed "charges" against her former employer with the Equal Employment Opportunity Commission (EEOC). By letter dated *May 12, 1970*, the EEOC informed complainant that it had been unable to secure a voluntary settlement and that she was entitled to institute a civil action within thirty days.[3] *June 10, 1970*, complainant filed suit naming "T. G. & Y. Family Center" as defendant, and on *June 19, 1970*, service was effected by "drop service" on C. T. Corporation.

### Lack of Capacity

The dispute regarding those motions based on lack of capacity arises out of the fact that complainant named T. G. & Y. *Family Center* as party defendant yet Family Center is merely a trade name

---

1. 42 U.S.C. § 2000e–2(a):
   *Unlawful employment practices—Employer practices*
   (a) It shall be an unlawful employment practice for an employer—
   (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
   (2) to limit, segregate, or classify his employees in any way which would

deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

2. Plaintiff also seeks to prosecute this claim as a class action under F.R.Civ. P. 23(b) (2). By prior order, we have deferred consideration of that question until disposition of the present motions.

3. 42 U.S.C. § 2000e–5(e).

without legal capacity to be sued.[4] The proper party defendant is T. G. & Y. *Stores Co.* Defendant maintains that our *ex parte* order of August 3, 1970, allowing "joining" of T. G. & Y. Stores Co. as a party defendant was improper. They therefore move to dismiss because (1) complainant sued a trade name having no legal capacity, (2) there was insufficient process under Rule 4(b) since the true party defendant was not named, (3) that there was insufficiency of service due to the fact that C. T. Corporation was not agent for service for "Family Center" but rather was authorized service agent for "Stores Co." and service on "Stores Co." was not timely, and (4) that "Family Center" is not an "employer" within the meaning of Title VII since it has no legal capacity.

The essence of defendant's motions relative to lack of capacity is that neither T. G. & Y. Family Center nor T. G. & Y. Stores Co. should be defendants in this action; the former because of its lack of capacity to be sued as a trade name and the latter for want of timely service.

We conclude that defendant's argument is without merit; it is controlled by Rule 15(c), F.R.Civ.P:

"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Judge Goldberg, writing for a panel of the Fifth Circuit, recently has discussed Rule 15(c) in an analogous case. His discussion aptly applies here and merits quotation at length:

"Defendants initially find significance in the fact that the original complaint in the * * * action failed to name the Company as a party defendant, naming instead only the Building. In response to the filing of the original complaint, the Building filed an answer (through the general counsel of the Company) in which it denied that it was a legal entity capable of being sued, and it later moved to dismiss the action on this ground. The district court thereupon permitted plaintiffs to amend their complaint by adding the Company as a party defendant, and the court allowed the amendment to relate back to the date of the filing of the original complaint.

"Defendants, however, continue to assert that naming the Building as the defendant in the original complaint was an error of monumental proportions. The Building, we are told, is neither a person, a corporation, or a partnership. * * * Consequently, defendants conclude, the filing of a complaint against the Building could not invoke the jurisdiction of the district court and thereby toll the statute of limitations.

"This argument must be rejected, for even if we assume the defendants are correct in their assessment of Texas law, [lack of capacity under Rule 17(b)] their conclusion concerning the significance of Texas law in the present case is wide of the mark. *In our view the problem presented by the misnomer in the original complaint was not one of capacity to be sued, but merely one of mistaken identity within the purview of Federal Rule 15(c).*

---

4. F.R.Civ.P. 17(b) ; La.Code Civ.P. art. 736.

"Under the provisions of Rule 15(c), the amended complaint in the * * * action must be *held to relate back to the date of the filing* [5] of the original complaint (1) if the claim asserted in the amended complaint 'arose out of the conduct, transaction, or occurrence' set forth in the original complaint, (2) if at the time of the filing of the original complaint the Company 'received such notice of the institution of the action' that it would 'not be prejudiced in maintaining [its] defense on the merits,' and (3) if at the time of the filing of the original complaint the Company 'knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against' the Company.

\* \* \* \* \* \*

"In the circumstances of this case, we are compelled to conclude that the district court's order allowing the plaintiffs to amend their complaint by *adding* the Company as a party defendant was clearly warranted by Rule 15(c)." (Emphasis added.) Montalvo et al. v. Tower Life Building et al., 426 F.2d 1135, 1146–1147 (5th Cir. 1970)

*See also*, Brittian v. Belk Gallant Co., 301 F.Supp. 478 (N.D.Ga.1969); Infotronics Corp. v. Varian Assoc. Corp., 45 F.R.D. 91 (S.D.Tex.1968). *Cf.* Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957).

■ As concluded in that case, we here think it clear that each of the requirements for application of Rule 15(c) is met. Since the amended complaint made no change in the substance of the claim asserted in the original complaint, it is undisputed that the amended complaint "arose out of the conduct, transaction, or occurrence" set forth in the

original complaint. T. G. & Y. Stores Co. must have received adequate notice of the institution of the suit, for C. T. Corporation, its agent, was in fact served and the same legal counsel has defended this suit for both "Family Center" and "Stores Co." Since a charge had been filed and conciliations attempted, "Stores Co." knew that Mrs. Washington had every intention of bringing suit against her former employer, whether that proper title ended with "Family Center" or "Stores Co.," and that her failure to name "Stores Co." as defendant resulted from a "mistake concerning the identity of the proper party." [6]

### *Lack of Jurisdiction/Failure to State A Claim*

Defendant seeks dismissal here based primarily on two contentions. First, it alleges that there was no timely and properly sworn Charge of Discrimination. Next, it alleges that the EEOC did not serve the Charge within a reasonable time after it was filed.

#### *1. Unsworn charge*

Plaintiff filed her charge with the Commission October 20, 1969. Defendant maintains that since this charge was not a sworn charge and was not properly amended it is not a valid charge and cannot therefore be a basis for a civil suit under § 706(a) of the Act, 42 U.S. C. § 2000e–5(a).

February 16, 1970, plaintiff met with an equal employment officer and made "another" charge which was verified under oath. Defendant would have us find this was a separate charge and therefore untimely. Plaintiff argues it merely amended the first "charge."

Commission Regulation, 29 CFR 1601.11(b),[7] specifically provides *inter*

---

5. We find defendant's contention that the tolling of the time period was not perfected because of delay in *service* to be without merit. See F.R.Civ.P. 3.

6. Moreover, the same counsel for plaintiff and defendant prosecuted an action in state court with "Family Center" as a

party without objection. It cannot be denied that the proper identity of the party was in question.

7. See Weeks v. Southern Bell Telephone and Telegraph, 408 F.2d 228 (5th Cir. 1969).

*alia* for amendment of an unsworn charge:

"(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is deemed filed when the Commission receives from the person aggrieved a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein, and such amendments relate back to the original filing date. However, an amendment alleging additional acts constituting unlawful employment practices not directly related to or growing out of the subject matter of the original charge will be permitted only where at the date of amendment the allegation could have been timely filed as a separate charge. [31 F.R. 10269, July 29, 1966]"

■■■ We find that the February 16, 1970, charge is an amendment to the October 20, 1969, charge as provided in 29 C.F.R. 1601.11(b). We do not think it necessary (although we suggest that such be done) as defendant would require clearly and facially to indicate on the amended charge that it is an "amendment." The substance of both lay-initiated charges is essentially the same. Defendant is in no way prejudiced and plaintiff should not be made to suffer for an administrative, lay oversight. See Sanchez v. Standard Brands, 431 F.2d 455 (5th Cir. 1970); Georgia Power Co. v. E. E. O. C., 412 F.2d 462 (5th Cir. 1969). *Cf.* Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968):

"Under subsection 706(d), a Title VII charge must be filed within ninety days after the alleged unlawful employment practice occurred. [citation omitted] There is no question that the charging party's original letter was filed within the prescribed time. *Since we have concluded that the letter was a valid amendable charge, the company's timeliness contention necessarily falls.*" (Emphasis added.) Georgia Power Co. v. E. E. O. C., *supra,* 412 F.2d at 467.

## 2. *Service of Charge*

Defendant asserts that the Court lacks jurisdiction in this case because the Commission took an unreasonably long time (141 days) formally to notify defendant of the charge through service of the charge filed against it. Defendant relies on *dicta* in Georgia Power Co. v. E. E. O. C., *supra,* at 467 n. 10, to support its contention:

"* * * With regard to limitation periods, the company has voiced one valid concern, *viz.,* that the EEOC may not give a charged party notice of a pending charge within a reasonable time. While the Act provides that a charging party has ninety days from the date of unlawful employment practice within which to file a charge, *there is no time prescribed within which the EEOC must serve a copy of the charge upon the company.* We therefore *infer* that service of the charge must be made within a reasonable time after receipt by the EEOC. * * * It may be noted that the determination of reasonableness is an ad hoc matter. * * *" (Emphasis added.)

Defendant would have us hold that this *dicta* establishes the requirement of prompt service of the charge on the employer as jurisdictional in nature. We think such a position is not warranted by other than a strained interpretation of the statute and prior jurisprudence. The Fifth Circuit, as have most other Circuits considering this matter,[8] has concluded that there are only two jurisdictional requirements under the Act:

"Section 2000e–5(e), Title 42 U.S.C.A. very clearly sets out only two require-

---

8. *See, e. g.,* Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir. 1969); Johnson v. Seaboard Air Line R.R. Co., 405 F.2d 645 (4th Cir. 1968); Choate v. Caterpillar Tractor Co., *supra.*

ments for an aggrieved party before he can initiate his action in the United States District Court: (1) he must file a charge with the Equal Employment Opportunity Commission and (2) he must receive the statutory notice from the Commission that it has been unable to obtain voluntary compliance. It is extremely important in these cases that both the spirit and the letter of Title VII reflect an unequivocal intent on the part of Congress to create a right of action in the aggrieved employee. The dismissal of these cases deprived the aggrieved employee of that right of action, not because of some failure on his part to comply with the requirements of the Title, but for the Commission's failure to conciliate—a failure that was and will always be beyond the control of the aggrieved party." Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399, 403 (5th Cir. 1969).

■■ We think the rationale in *Dent* is clearly applicable here. Petitioner should not be prejudiced by failure of prompt service of the charge by the Commission when that in no way was under her control. Further, we do not find, absent a clear and affirmative showing of prejudice, that the delays here are *per se* unreasonable.

### 3. Rule 8(a) (2), Federal Rules of Civil Procedure

The last of defendant's motions under this grouping asserts that the complaint fails to meet the criteria of Rule 8(a)(2) in presenting "a short and plain statement of the claim showing that the pleader is entitled to relief."

Professor Moore's oft-quoted phrase is appropriate: "Litigation is not an art of writing nice pleadings * * * the function of pleadings is to give fair notice of the claim asserted so as to enable the adverse party to answer and prepare for trial * * *." 2A Moore's Federal Practice ¶ 8.13.

■ It is clear that a motion to dismiss "should not be granted unless it appears to a certainty that no relief under any state of facts * * * could be proved in support of [a] claim." Barnes v. Merritt, 376 F.2d 8, 11 (5th Cir. 1968). We think the complaint here meets the criteria of Rule 8(a) and states claims upon which relief may be granted. Whatever ambiguity may exist in the complaint can be cured through reference to the charge and use of discovery.

### Motion to Strike

■ Defendant asserts that the administrative charge with the EEOC alleges only unlawful discharge and that the Court must similarly limit the scope of the complaint. Mrs. Washington's hand-written, somewhat inarticulate and rambling complaint indicates she was discharged because of race discrimination. Because of the lay-initiated nature of these charges, we cannot conclude that the complaint should be held to conform strictly to the charges. Mrs. Washington, in addition to her primary reference to discharge, alleged "a lot of things are going on at the T. G. & Y. Store and Family Center" after also checking the box on the form provided by the EEOC indicating discrimination because of "race or color." We think this is enough to put defendant on notice and to charge defendant with racial discrimination other than merely discharge *per se*. *Cf.* Sanchez v. Standard Brands, *supra*.

We also find that none of the matter is of a "scandalous" nature and need be stricken.

■ In consideration of this motion, as well as all others here, Judge Tuttle's comments on the role of Courts in Title VII litigation is appropriate:

"Racial discrimination in employment is one of the most deplorable forms of discrimination known to our society, for it deals not with just an individual's sharing in the 'outer benefits' of being an American citizen, but rather the ability to provide decently for one's family in a job or profession for which he qualifies and

chooses. Title VII of the 1964 Civil Rights Act provides us with a clear mandate from Congress that no longer will the United States tolerate this form of discrimination. *It is, therefore, the duty of the courts to make sure that the Act works, and the intent of Congress is not hampered by a combination of a strict construction of the statute and a battle with semantics.*" (Emphasis added.) Culpepper v. Reynolds Metals Company, 5 Cir., 421 F.2d 888, 891.

Nothing said herein in any way indicates a prejudgment, or a reflection on the parties or indicates views with respect to the merits of the case.

All of defendant's motions hereby are denied.

## SUPPLEMENTAL RULING ON MOTION TO DISMISS

Pursuant to our granting defendant's "Motion for Limited Reargument," defendant again urges that the requisites of Rule 15(c) of the Federal Rules of Civil Procedure have not been met and therefore the complaint should be dismissed as untimely. See our Memorandum Ruling dated March 5th, 1971.

Defendant acknowledges that normally the filing of the complaint interrupts prescription if the proper party defendant is named, but strongly argues that actual notice (service) must be received within the thirty-day time period (42 U.S.C. § 2000e–5(e)), where as here, the original complaint through non-prejudicial misnomer names a technically incorrect party as defendant. (T. G. & Y. Family Center instead of T. G. & Y. Stores Co.)

That portion of Rule 15(c) upon which defendant relies and which it contends requires dismissal provides:

"An amendment *changing the party* against whom a claim is asserted relates back if the foregoing provision is satisfied [same transaction or occurrence, see *infra*.] and, within the period provided by law for commencing the action against him, the party to

be brought in by amendment (1) has received such notice of the institution of the action that he will not be *prejudiced in maintaining the defense on the merits.* \* \* \*" (Emphasis added.)

Prior to the 1966 amendment to Rule 15(c), part of which is referred to above, 15(c) consisted solely of the language which is now the first sentence of the amended Rule.

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The 1966 Amendments to Rule 15(c) were an attempt to liberalize and clarify its provisions. It certainly was not considered an attempt to restrict the liberality of amendments or their relation back. See, *e. g.*, Notes of Advisory Committee on Rules, Fed.Rules Civ.Proc. Rule 15(c), 28 U.S.C.A. (Pocket Part).

We do not think the added language upon which defendant relies can properly be construed to make more difficult the correction of misnomer and its relation back. We think there is a difference between correcting a misnomer and "changing a party" and that a misnomer may be corrected under the *first sentence* of Rule 15(c) as amended (the old Rule 15(c)).

Judge Wisdom, speaking for the Fifth Circuit panel (Judges Tuttle and Brown) in a case strikingly similar to the instant one, disposed of defendant's contention under the old Rule 15(c), now the first sentence of the amended Rule. In Jackson v. Duke, 259 F.2d 3 (5th Cir. 1958), the complaint was filed the day the statute of limitations expired. Because counsel did not have sufficient service copies, he requested a delay in service. It was subsequently discovered that the name of the defendant was incorrectly designated on the complaint. After the statutory time period, plaintiff

was allowed to amend the complaint to correct the misnomer, and then service was gained. *Notice of the institution of the suit was not given within the statutory time period.*

The Court upheld the District Court in allowing the amendment and its relation back. Judge Wisdom reiterated the test to be employed:

" 'The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.' [2 Moore's Federal Practice, 2nd ed., Sec. 4.44, p. 1042]." Grandey v. Pacific Indemnity Company, 217 F.2d 27 (5th Cir. 1954), quoted in Jackson v. Duke, *supra,* 259 F.2d at 7.

The Court then concluded:

"The trial court had no doubt that the defendant * * * was the party intended to be sued. Since the right party was before the court, although under a wrong name, the trial judge properly allowed the amendment to cure the misnomer. Like any other amendment under Rule 15(c) it relates back to the date of the *filing* of the original complaint." (Emphasis added.) Jackson v. Duke, *supra,* at 7.

Under the facts of the instant case, we have no doubt that the defendant T. G. & Y. Stores Co. was the party intended to be sued (See our discussion in our prior Ruling). Since the right party was before the Court, although originally under a wrong name, we hold the amendment was properly allowed to cure the misnomer and under the first sentence of Rule 15(c) it relates back to the date of filing. *Cf.* Wentz v. Alberto Culver Company, 294 F.Supp. 1327 (D. Mont. 1969); County Theatre Co. v. Paramount Film Dist. Corp., 166 F.Supp. 221 (E.D.Pa. 1958), approved Shapiro v. Paramount Film Dist. Corp., 274 F.2d 743 (3rd Cir. 1960); People

of the Living God v. Star Towing Co., 289 F.Supp. 635, 641 (E.D.La. 1958).

For these reasons and those set forth in our original Ruling, the Motion to Dismiss is denied.