**Abelino ARCHULETA, Plaintiff-Appellee,**

v.

**DUFFY'S INC., Defendant-Appellant.**

**No. 72–1307.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 22, 1972.

Decided Jan. 11, 1973.

Rehearing Denied Feb. 15, 1973.

Ralph F. Crandell, of Drake, Crandell & Batchelder, Denver, Colo., for appellant.

Jesse Manzanares, of Auer & Manzanares, Denver, Colo. (Lawrence A. Wright, Jr., of Snead & Wright, Denver, Colo., with him on the brief), for appellee.

Before LEWIS, Chief Judge and McWILLIAMS and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

This is an interlocutory appeal procedurally authorized under 28 U.S.C. § 1292(b) and taken by Duffy's Inc. from an order of the District Court for the District of Colorado denying a motion by Duffy's Inc. to dismiss an amended complaint filed by the plaintiff. Archuleta sought relief under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The present issue is limited to a consideration of whether plaintiff's claim is barred under the Act by the applicable statute of limitations.[1] The trial court

---

1. 42 U.S.C. § 2000e–5(e) provides:
   (e) If . . . the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within

held that the cited statute did not bar plaintiff's claim under the undisputed circumstances and facts of the case.

On November 5, 1969 plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission against his former employer, Duffy's Inc., ·alleging denial of employment rights under Title VII of the Civil Rights Act of 1964. The complaint, styled Archuleta v. Duffy's Inc., was processed before the Colorado Civil Rights Commission and the E.E.O.C. without satisfactory accord. On August 2, 1971 the E.E.O.C. mailed to Archuleta (with a copy mailed to Duffy's Inc.) a letter advising plaintiff that he was entitled to institute a civil action in the appropriate federal district within thirty days after receipt of the letter. The letter was received on August 4 and it is undisputed that the statutory period for filing such action expired no later than September 3, 1971.

On August 31, 1971 plaintiff filed a complaint in the district court naming as the defendant Denver Pop Company, a Colorado corporation, formerly known as and d/b/a Duffy's Inc. A copy of this complaint was served on Duffy's Inc. on September 9.[2] On September 23 plaintiff filed an amended complaint naming Duffy's Inc. as the defendant and a copy of this complaint was served on Duffy's Inc. on September 27.

Finding that Duffy's Inc. had suffered no actual prejudice from the procedural mix-up and noting the mandate of the Supreme Court in Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679, to the effect that procedural aspects of the Act should be liberally construed to further the general purposes of the Act, the trial court held that the few days time lag here present should not be applied to defeat plaintiff's action. The trial court also held that the designation of Denver Pop Company as defendant in the action was but a misnomer and that in any event Rule 15(c), Fed.R.Civ.P. allowed the September 23 amended complaint to relate back under the rule's mistaken identity of the proper party provision.[3] We are constrained to hold that the trial court's reasoning is faulty in each of its aspects.

■ No justifiable interpretation of Love v. Pullman, *supra*, can support a judicial extension of the applicable thirty-day time limit set by Congress for the filing of the permissive judicial action under the Civil Rights Act of 1964. Although the limitation may be harsh and, as noted, has now been extended by statutory amendment, still the bar remains applicable in the instant case.

thirty days thereafter, be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . .
In 1972 this statute of limitations was lengthened. Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, § 4(a), 86 Stat. 104–106.

2. The Denver Pop Company and Duffy's Inc. are separate and unrelated corporate entities. The designation of Denver Pop Company as the defendant apparently resulted from misinformation given to plaintiff's counsel by the Colorado Secretary of State. Service upon Denver Pop Company was attempted prior to September 9 but was not completed.

3. Rule 15(c) provides in pertinent part:
(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Goodman v. City Products, Corp., Ben Franklin Div., 6 Cir., 425 F.2d 702. So, too, Love v. Pullman, *supra*, was not concerned with the traditional judicial process and that case's mandate of procedural flexibility at the administrative level does not and, in our opinion, should not carry over as applicable beyond that level. We hold therefore that "a few days" beyond the thirty-day limitation of the statute is not a circumstance properly allowing judicial yielding of the limitation for purposes peculiar to the Civil Rights Act.

Nor can we agree that the naming of the defendant as Denver Pop Company constituted a simple misnomer. The defendant was not misdescribed but was deliberately, although mistakenly, sued. An entity different from the one named and appearing during the administrative process was made a party. Although this court is committed to the general proposition that it will not allow technicalities to defeat the proper administration of justice, *e. g.*, Travelers Indemnity Co. v. United States for Use of Construction Specialties Co., 10 Cir., 382 F.2d 103, and will allow misnomers to be amended and relate back as a matter of course, Wynne v. United States for Use of Mid-States Waterproofing Co., 10 Cir., 382 F.2d 699, the court is equally committed to the necessity of distinguishing between misnomers and substitution of parties. Graves v. General Insurance Corp., 10 Cir., 412 F.2d 583. The trial court has here allowed a substitution of parties by amendment. Such amendment can relate back to the date the complaint was filed only if the provisions of Rule 15(c) are met.

Plaintiff has not by amendment changed the factual content of his complaint and has thus met the compulsion of the first sentence of Rule 15(c). And the trial court correctly found that defendant has suffered no prejudice in fact, a partial requirement under the rule's second sentence.

However, this latter sentence further requires that the party added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." This has been said to be analogous to an estoppel test, Professors Wright and Miller summing it up as:

> Thus, when plaintiff merely misdescribes defendant and serves the party really intended to be named in the complaint, that party certainly has knowledge of the misnomer and the quoted portion of the rule has been satisfied. Similarly, when plaintiff names an incorrect party but serves the person attempted to be sued, the latter is considered to have notice of plaintiff's mistake and the amendment will qualify under Rule 15(c). In other contexts, the courts probably will apply something akin to a reasonable man test to determine whether the party "should have known" he was the one intended to be sued. 6 Wright & Miller, Federal Practice and Procedure, § 1498, at 515 (footnotes omitted).

Duffy's Inc. was served on September 9 with a copy of the complaint filed August 31 against Denver Pop Company and thus Duffy's Inc. was subjected to the action on and after September 9. However, the action was then stale under the statutory limitation and must remain stale unless it can be said that the participation of Duffy's Inc. in the administrative proceedings, its knowledge of the underlying facts concerning plaintiff's claim, and the receipt of the E.E.O.C. letter authorizing the filing of an action puts Duffy's Inc. in a position, per se, of "should have known" that an action was filed during the thirty-day period. We cannot say that knowledge of the existence of a potential action constitutes, per se, reasonable grounds for notice of the institution of an action. The Ninth Circuit has reached a similar conclusion stating:

> In our opinion, "action," as used in Rule 15(c), means a lawsuit, and not the incident giving rise to a lawsuit.

The relevant words are "notice of the institution of the action." A lawsuit is instituted; an incident is not. Craig v. United States, 413 F.2d 854, 858, cert. denied, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451.

The trial court erred in allowing plaintiff's amended complaint to be filed. The case is remanded with instructions to dismiss the complaint.

WILLIAM E. DOYLE, Circuit Judge (dissenting):

I respectfully dissent. In my opinion the trial judge correctly rejected the contention that the court had not gained jurisdiction over the case within the 30-day limit provided by § 2000e.

While I do not disagree with the facts as stated in the majority opinion, I see, in view of the position I take, a need for extending the fact statement briefly. There is need to emphasize, for example, that Denver Pop Company, the concern named in the original complaint, and Duffy's Inc. did have some relationship and that Duffy's had actual notice of the filing of the action.

On October 15, 1969, the Domenico Company, a Colorado corporation, entered into an agreement with Duffy's Inc., whereby Domenico Company undertook to purchase part of the assets of Duffy's Inc. At the same time, Duffy's Inc. agreed to change its name on the date of the closing. Thereafter, on October 20, 1969, the Domenico Company changed its name to Duffy's Inc.; on October 21, the Colorado Secretary of State issued a certificate of amendment so indicating the change. Also, on October 20, 1969, the old Duffy's Inc. changed its name to Denver Pop Company and an appropriate registration of the name change was made with the Colorado Secretary of State.

The name mix-up occurred because the attorney for plaintiff obtained misleading information from the Colorado Secretary of State's office. Thus, the caption designated the defendant as Denver Pop Company, a Colorado corporation, formerly known as and d/b/a Duffy's Inc. This complaint was served on the right party, that is, Malcolm Domenico, at 3111 Larimer Street, and this was indeed the habitat of Duffy's Inc., as the Domenico Company had come to be known. Further, this was the identical company that had employed the plaintiff.

As of the time of the original service, Duffy's Inc., formerly Domenico Company, knew or should have known that Archuleta had been an employee of Duffy's Inc., whose employment had been terminated. After all, this employee had filed a complaint with the EEOC against Duffy's Inc. and that agency had advised the employee by letter, copies of which were sent to Duffy's Inc. and its attorney, that he could institute a civil action within 30 days of receipt. This he did. Duffy's Inc. at that time knew that Denver Pop Company was not empowered to use the name Duffy's Inc. and so they had good reason to know that it was intended to name their concern as the defendant in the case. Thus, there was actual notice within the 30-day period. An amended complaint correcting only the caption was filed on September 23 and was served on Malcolm Domenico on September 27, 1971.

We hasten to point out that service of process need not be completed within the 30-day period. Service need only be made without unreasonable delay. See 2 Moore's Federal Practice § 3.07.

Still a further important principle to notice is that Rule 3 of the Federal Rules of Civil Procedure provides that an action is commenced when the complaint is filed, and this serves to toll the statute of limitations. See 4 Wright & Miller, Federal Practice and Procedure § 1056, at 177 (1969); 2 Moore's Federal Practice § 3.07 [5].

Secondly, a valid amendment to the complaint relates back to the original filing and this is true of amendments which change the parties. This is by virtue of the 1966 amendment to Rule 15(c). Rule 15(c) was, in the words of

the Advisory Committee, "amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall 'relate back' to the date of the original pleading." As we stated in Travelers Indem. Co. v. United States for Use of Constr. Specialties Co., 382 F.2d 103, 106 (10th Cir. 1967): "The 1966 amendment simply clarifies, by explicitly stating, the permissive procedure and its appropriate safeguards which have existed under Rule 15(c) since its promulgation." [1]

Our court has recognized that Rule 15(c) is appropriate to change the name of a party even though it involves substituting a new corporation. This view is implicit in this court's decision in Travelers Indem. Co. v. United States for Use of Constr. Specialties Co., *supra.*

Courts have long recognized that amendment under Rule 15(c) is appropriate to correct misnomer. *See* Travelers Indem. Co. v. United States for Use of Constr. Specialties Co., *supra.* Professor Moore explains that the problem is similar to that confronted in amending process. 2 Moore's *supra,* § 4.44 at 1295.54–.55. He states:

> The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the Plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.

*Id.* at 1295.52; *see* 8 A.L.R.2d § 79, at 157. *See also* Jackson v. Duke, 259 F.2d 3 (5th Cir. 1958); Grandey v. Pacific Indem. Co., 217 F.2d 27 (5th Cir. 1954). In the case at bar, it cannot be said that plaintiff meant to sue the wrong party, Denver Pop Company, and correction required substituting a new party, Duffy's Inc., for service of process was never made upon the "wrong party" and no cause of action, even remote, ever existed against this "wrong party." Rather, it must be stated that plaintiff sued the right party under the wrong name. This is evidenced by the fact that service, under both the original and amended complaints, was had on the proper party and at the proper address; all the preliminary action necessary to the institution of this suit was directed at the proper party; plaintiff's cause of action arose out of employment by the defendant. Thus, plaintiff's act must be classified as a misdescription or misnomer rather than a substitution.

Further, Rule 15 must be liberally construed. Mr. Justice Goldberg, in Foman v. Davis, 371 U.S. 178, 181–182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) stated:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355

---

1. Rule 15(c) of the Federal Rules of Civil Procedure states in relevant part:

   (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision

   is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1.[2]

Added to the foregoing, we note that the Supreme Court has clearly shown its preference for substance rather than form in an EEOC Act case. *See* Love v. Pullman Company, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). True, the facts in *Love* are not the same as these, but the condition is quite comparable and the Supreme Court considered the important point to be that the respondent had not shown prejudice to its interests.[3] Thus, the majority opinion is not in harmony with the general philosophy expressed in *Love*.

Finally, we have found two cases which deal specifically with the problem at hand, that is to say, Rule 15(c) in relationship to 42 U.S.C. § 2000e. Both of these cases proceed along the same lines that the trial court followed in permitting an amendment where substantial justice requires it, that is to say, where there has been actual notice and where there is no reason for mistake as to the party intended to be brought into court. In Washington v. T. G. & Y. Stores Co., 324 F.Supp. 849 (W.D.La.1971), the complaint, filed under the Civil Rights Act of 1964 for alleged racial discrimination, mistakenly named the employer under its trade name. The court, under Rule 15(c), allowed amendment to the proper name after the 30 day statutory period had lapsed. It found that there was no change in the substance of the claim asserted in the original complaint, that the proper agent was served both times, and that the defendant knew plaintiff had every intention to bring a suit because of the conciliations attempted as a prerequisite to court action. 324 F.Supp. at 853. Moreover, on rehearing, the court stated that "there is a difference between correcting a misnomer and 'changing a party' and that a misnomer can be corrected under the *first* sentence of Rule 15(c) as amended (the old Rule 15(c) )." 324 F.Supp. at 856 (emphasis original). In Brittian v. Belk Gallant Co., 301 F.Supp. 478 (N.D.Ga.1969), the complaint omitted a word in the corporate title and the court allowed amendment, stating that the determinative factor is that the original complaint was served upon the proper party.

The trial court correctly found then that the amended complaint merely corrected a misnomer and met all the requirements of Rule 15(c). It is clear that the claim asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth in the original pleading thereby satisfying the requirements of the first sentence of Rule 15(c). As to the two requirements of the second sentence, appellant argues that he did not receive notice of the institution of the action within the period

2. Similarly, Chief Judge Parker, in United States v. Fischer, 162 F.2d 872, 873 (4th Cir. 1947), stated:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands, who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

3. In the opinion of the Court by Mr. Justice Stewart, it was said:

> We see no reason why further action by the aggrieved party should be required. The procedure complies with the purpose both of § 706(b), to give state agencies a prior opportunity to consider discrimination complaints, and of § 706(d), to ensure expedition in the filing and handling of those complaints. The respondent makes no showing of prejudice to its interests. To require a second "filing" by the aggrieved party after termination of state proceedings would serve no purpose other than the creation of an additional procedural technicality. Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers initiate the process.

404 U.S. at 526–527, 92 S.Ct. at 618–619.

provided by law for commencement of the suit. We have already stated that an action under § 2000e must be brought within 30 days of receipt of the EEOC letter, but that filing the lawsuit commenced the action and therefore tolled the 30-day time limit. Thus, service after the 30-day period was "within the period provided by law for commencing the action" because the time limit had been tolled.[4] Although service upon a properly named plaintiff is formal notice, the Notes of the Advisory Committee make clear that "the notice need not be formal."

In our case, although the original complaint did not correctly name the defendant, it did identify the defendant. Duffy's Inc. appeared in the caption and the mistake was manifest. When the complaint was received Duffy's Inc. knew or should have known that it was the object of the suit. Therefore, it cannot be said that there is any lack of notice.

Accordingly, we conclude that the majority result is not only unjust, it is out of tune with the philosophy as well as the terms of Rule 15(c) and it is not in accord with this court's prior decisions.

---

4. *See, e. g.,* United States v. Greitzer, 18 F.R.D. 304, 306 (E.D.Pa.1955).