**Katherine J. LUCAS, Plaintiff,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Defendant.**

**Civ. A. No. 80–C–962.**

United States District Court,
D. Colorado.

June 9, 1982.

Kenneth R. Stettner, Susan M. Wheelwright, Good & Stettner, P. C., Denver, Colo., for plaintiff.

Lawrence B. Leff, Winzenburg & Leff, Aurora, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Defendant Aetna Casualty and Surety Company (hereafter, "Aetna") moves for summary judgment pursuant to F.R.Civ. Proc. 56, contending that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Plaintiff Katherine J. Lucas opposes this motion. The issues raised by the motion have been thoroughly briefed, and oral argument would not materially assist in determining them.

First, Aetna argues that Lucas' Title VII claim was not timely filed. Lucas filed her original complaint within 90 days from receipt of her right-to-sue letter. The Colorado Insurance Commissioner refused, however, to accept service of process because Lucas had mistakenly described the defendant as "The Aetna Casualty and Insurance Company." Lucas amended her complaint and served it on the Commissioner, who accepted the amended version. Service on Aetna was perfected approximately one month after the 90-day limit expired.

F.R.Civ.Proc. 15(c) provides for relation back of an amended complaint when notice sufficient to avoid prejudice has been given to the defendant, and when the defendant knew or should have known that, but for the mistake of identity, the action would have been brought against it. Aetna argues that the Insurance Commissioner's refusal to accept the erroneous process was proper, and that such refusal prevented it from receiving notice of this action prior to the expiration of the 90-day limit. The effect of Aetna's argument, however, would be to permit internal office policies of a state agency to severely curtail the curative provisions created in Rule 15(c). In addition, it would permit insurance companies to exploit a mechanism for avoiding litigation on the merits of important federal rights protected by Title VII. Although the 90-day limitations period is jurisdictional, Rule 15(c)'s relation back doctrine is applicable to remedy misdesignation. *See Archuleta v. Duffy's, Inc.*, 471 F.2d 33, 37 (10th Cir. 1973) (Doyle, J., dissenting). The policy behind the Federal Rules is to discourage mechanistic technicality in favor of dispute resolution on the merits. Thus, Aetna is not entitled to summary judgment because of untimeliness.

Second, Aetna argues that, as an undisputed matter of fact and law, Lucas will be unable to prove her claims of discrimination. Employment discrimination claims often turn on testimony regarding the workplace atmosphere, and factual determinations from such testimony require credibility assessment. Credibility can be determined only at trial, where full opportunity is afforded for direct and cross examination. For all these reasons, summary judgment is inappropriate, and Aetna's motion is denied.