MARIE C. SCHANTZ, RESPONDENT, v. SEARS ROEBUCK & COMPANY, APPELLANT.

Argued May 2, 1934—Decided August 16, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Jacob L. Newman* (*Lionel P. Kristeller* and *Saul J. Zucker,* on the brief).

For the respondent, *Augustus S. Dreier,* of counsel.

The opinion of the court was delivered by

LLOYD, J. The plaintiff recovered a verdict and judgment for false arrest. The defendant appeals and the grounds relied on for reversal are that its motion for nonsuit and for the direction of a verdict in its favor should have been granted.

Plaintiff was employed by the defendant as a sales lady. Toward the close of the day on October 4th, 1933, as she was passing the office of the assistant manager of the store, she was called in by that gentleman and introduced to a man named Wessley, an investigator in the employ of the Willmark Service System, a detective organization with whom the defendant had a contract to investigate the efficiency and faithfulness of its employes. At Wessley's request the assistant manager left the room and Wessley proceeded to interrogate her about a fifty cent sale of paint which was claimed to be unaccounted for. He asked what money she had on her person and when she replied "none," she was placed in the custody of another employe and requested to go to the rest room, bring back her purse and exhibit its contents. This she did and then asked if she might go and was told "no," and that "this was not the first time." After signing a statement which Wessley had prepared, she again asked if she might go and was again refused. The investigator reported to the manager who directed her detention until he came up, and returned after some delay and told her to "come in to-morrow." When she reported the next morning she was told she could only be reinstated through the Philadelphia office. .

It is contended on the appeal that she was not detained by the assistant manager, that the investigator acting under an independent contract could not bind the defendant by what he did, and that in any aspect the action of the investigator did not amount to an imprisonment.

We think that in this condition of the proofs neither of the defendant's motions could have been granted. It was open to a jury to find that there was an unlawful restraint of the plaintiff's liberty and that this was with the authority

of the defendant. Undoubtedly the latter was responsible for what the assistant manager said and did, and when he called the plaintiff in his office, and at the request of Wessley left the room, leaving the plaintiff in apparent charge of the latter, it became responsible for all that followed—even if the defendant's contract with the Willmark Service constituted the latter an independent contractor, which is doubtful. The latter through its agent was doing exactly what it had contracted to do at so much per month. This was to "checkup" on the efficiency and faithfulness of defendant's employes, the contract itself partaking as much of the nature of an employment as that of an independent relation.

It is not necessary, however, to determine the character of this relationship as we think it was open to the jury to find that what Wessley did was participated in by the defendant's assistant manager in charge of the store, its employes and its management.

While the circumstances proved in connection with the particular sale of goods clearly justified investigation, such investigation must scrupulously avoid trenching upon the personal liberty of the individual. If action justifying personal restraint be indicated it must, in cases like the present, be taken through the authorities constituted by law for the purpose.

The judgment is affirmed, with costs.