Alfredo Castro Mesa y Gladys Ponce, etc., demandantes y recurridos, *v.* Supermercado de Descuentos, demandado y recurrente.

*Número:* R-69-107    *Resuelto:* 27 de abril de 1971

*Rieckehoff, Calderón, Vargas & Arroyo*, abogados del recurrente; *Marcos, Bernier & Rivera Mercado*, abogados de los recurridos; *Guillemard, Miranda Cárdenas & Gallardo, Blas R. Ferraiuoli Martínez* y *Ángel R. de Corral*, abogados de Bargain Town of P.R., Inc.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Debemos determinar si un arrendador, condueño de carritos de metal utilizados por el público en un centro comercial y que se obligó a inspeccionarlos y a mantenerlos en buen estado de funcionamiento, así como su arrendatario, son responsables de los daños sufridos por una niña y sus padres al caerse la niña de un carrito defectuoso mientras la niña acompañaba a su padre en una visita de compras en el supermercado de la arrendataria.

Los hechos del caso, según el tribunal de instancia, fueron los siguientes:

1.—La codemandada Bargain Town of Puerto Rico, Inc. (en lo sucesivo designada Bargain Town) dueña de un amplio edificio comercial en Bayamón, arrendó a la recurrente parte del mismo para el establecimiento y operación de un super-

mercado por ésta. El correspondiente contrato contiene dos cláusulas por virtud de las cuales la recurrente se obligó a (a) indemnizar al arrendador y relevarlo de responsabilidad de cualquier pérdida, costo, obligación, daño o gasto causado por cualquier actuación u omisión del arrendatario o de cualquier empleado o invitado suyo (se designa esta cláusula como cláusula de relevo—*hold harmless clause*—) ; y (b) mantener en vigor a su costo un seguro de responsabilidad pública bajo el cual el arrendador, y aquellos a través de quien reclame, sean designados como asegurados, que adecuadamente los proteja y les indemnice aquellas sumas razonables que el arrendador, de tiempo en tiempo, especifique, pero nunca menos de la suma de $200,000 por la lesión o muerte de una persona en un accidente y no menos de $25,000 por daños a la propiedad y que cubra la responsabilidad y gastos que surjan de cualesquiera reclamaciones por daños o muerte indebida que surja de cualquier actuación u omisión del arrendatario.

2.—La prueba demuestra que los carritos que usan los clientes que visitan el referido centro comercial para cargar sus compras, son propiedad, por partes iguales, de la recurrente y de Bargain Town, pero ésta asumió la obligación de inspeccionarlos y mantenerlos en buen estado de reparación y de cobrarle a la recurrente el 50% del costo de dicha inspección y mantenimiento. El director de la recurrente testificó que cuando se descubre un defecto en uno de los carritos "se lleva el carrito a un muelle propiedad de Bargain Town donde ellos están supuestos a hacer la reparación del carrito." David Pantojas Rosado, Asistente del Gerente de Bargain Town, testificó que el Sr. Cruz, Jefe de Mantenimiento de dicha empresa, era el responsable de inspeccionar y mandar los carritos al taller de mantenimiento de Bargain Town. Concluyó el tribunal de instancia, sin embargo, que si bien Bargain Town asumió la responsabilidad de reparar los carritos que se usaban para echar las compras, la prueba

no demuestra que asumiese la responsabilidad de inspeccionarlos en el local de negocios para cerciorarse de que estuviesen en buenas condiciones.

3.—El día 26 de marzo de 1966, cerca del mediodía, Alfredo Castro Mesa visitó el establecimiento comercial propiedad de Bargain Town con el propósito de hacer unas compras. Ese día se encontraba acompañado de sus pequeñas hijas, Gladys, que para aquella fecha tenía 6 ó 7 años de edad, y Marissa, de aproximadamente 3 años. Al entrar al edificio tomó uno de los carritos antes descritos en la acera fuera del establecimiento y, luego de visitar el departamento de efectos de automóviles, entró a la sección ocupada por la recurrente, Supermercado de Descuentos, con el propósito de comprar comestibles.

Dentro del carrito y junto a los artículos comprados se encontraba sentada la niñita Marissa. En un momento dado y con el propósito de adquirir unas bebidas carbonatadas, el padre dejó el carro solo y éste se viró cayendo tanto Marissa como los comestibles al piso. El carro se viró sin que interviniese movimiento abrupto alguno de la niña y sin que persona alguna le hiciere perder el balance.

El carro era uno de cuatro ruedas y en el momento del accidente se comprobó que le faltaba una de las ruedas delanteras.

4.—Con motivo de la caída, la niña sufrió un golpe en el lado derecho de la cabeza, una laceración superficial de un cuarto de pulgada en la mejilla derecha y golpe en el lado derecho de la espalda. Momentáneamente perdió el conocimiento y fue llevada al hospital. Al llegar a dicha institución la niña estaba muy pálida y nerviosa. Ya había recobrado el conocimiento. Por algunos días la niña estuvo nerviosa y quejándose de dolores de cabeza. Los golpes no causaron lesiones de carácter permanente y en la actualidad la niña se encuentra completamente restablecida.

El padre de la niña, Alfredo Castro Mesa, se sintió

horrorizado al verla inconsciente. A la fecha del juicio todavía se sentía muy conturbado al recordar los detalles del accidente. La madre de la niña también se sintió nerviosa y preocupada por los golpes sufridos por su hija.

Los recurridos incurrieron en gastos por concepto de médicos y medicinas que ascienden a la suma de $84.25.

Demandaron los padres de la niña lesionada, por sí y a nombre de ella, a la recurrente y a Bargain Town por los daños sufridos en la forma indicada por la niña y por sus padres, más los gastos médicos. La recurrente radicó demanda de tercero contra Bargain Town, alegando que el accidente se debió a su culpa pues los carritos estaban bajo su control y custodia. Bargain Town alegó en su contestación que el accidente se debió a la exclusiva negligencia de la recurrente. En su contestación a la demanda, la recurrente negó los hechos de la reclamación y alegó que el accidente se debió a la negligencia de los recurridos.

Bargain Town no inició recurso alguno en contra de la recurrente bajo las cláusulas de relevo y de seguro previamente relacionadas sino que radicó ante nos un memorando en apoyo de la sentencia dictada en este caso por el tribunal de instancia y rebatiendo los apuntamientos de la recurrente relacionados con la responsabilidad de ésta y el efecto de la referida cláusula de relevo.

El tribunal de instancia, a la luz de los hechos reseñados, desestimó la demanda contra tercero y concluyó que el accidente se debió a la culpa de la recurrente o de Bargain Town o de ambas, al permitir la condición defectuosa del carrito en cuestión; que la recurrente se obligó a liberar a Bargain Town de responsabilidad en accidentes como el que nos ocupa y, en tal virtud, viene obligada a "indemnizar a Bargain Town por cualquier suma que ésta pague" a los recurridos. Estimó los daños de la niña en $2,000, los de su padre en $1,500, los de la madre en $500 más $84.25 de gastos médicos, las costas y $200 de honorarios de abogado. No obs-

tante, limitó su sentencia a condenar a la recurrente y a Bargain Town a pagar las referidas sumas y costas especificadas a los recurridos.

No conforme, instó la recurrente el presente recurso de revisión. Como no lo hizo Bargain Town, los recurridos procedieron a ejecutar la sentencia en contra de aquélla y a esos efectos embargaron la suma de $4,604.25 de la misma la que fue depositada con el alguacil del tribunal de instancia. En 27 de mayo de 1970 el tribunal de instancia, a petición de los recurridos, ordenó a dicho alguacil expedir un cheque por dicha suma a favor de los recurridos y su abogado en ejecución de la referida sentencia.

En apoyo de su recurso apunta la recurrente que las cuantías de daños son excesivas; que la negligencia del padre de la niña contribuyó a la ocurrencia del accidente en que se lesionó; que la recurrente no realizó acto o incurrió en omisión alguna que ocasionase o contribuyese a la ocurrencia del accidente; que habiendo concluido el tribunal de instancia que la falta de una rueda en el carrito fue la causa próxima del accidente, el responsable del mismo era Bargain Town pues ésta asumió la obligación de inspeccionarlos y conservarlos en buen estado de funcionamiento; y que la cláusula de relevo de responsabilidad en el contrato de arrendamiento no libra a Bargain Town de responsabilidad por los daños ocasionados por su propia negligencia consistente en no haber conservado el carrito en cuestión en buen estado de funcionamiento.

■ 1.—En vista de que no se ha elevado ante nos toda la prueba aducida en este caso en relación con los daños sufridos por los recurridos, asumimos que las conclusiones del tribunal de instancia sobre esta cuestión están sostenidas por la prueba.

2.—No creemos que el tribunal de instancia incidió al dejar de concluir que el padre de la niña fue negligente y que su negligencia contribuyó a la ocurrencia del accidente.

Sólo se elevó ante nos, a petición de la recurrente, la transcripción de los testimonios de ciertos ejecutivos de la recurrente y de Bargain Town. Hubo prueba del defecto en el carrito. El Administrador del supermercado de la recurrente testificó de que a través de su investigación del accidente "vine a tener conocimiento por qué se viró el carrito . . . que al carrito le faltaba la rueda delantera." No se ha traído a nuestra atención prueba alguna de que el padre de la niña utilizó el carrito y sentó a ésta en el mismo a sabiendas de que le faltaba esa rueda. Tampoco hubo prueba de que le faltase la rueda desde que el padre de la niña lo escogió de entre los carritos colocados frente al supermercado para el uso de la clientela.

■ 3.—No obstante el hecho revelado por la prueba elevada ante nos de que Bargain Town convino con la recurrente en inspeccionar, limpiar, reparar y mantener los carritos y volverlos a poner a la disposición del público, la recurrente era condueña de los mismos y pagaba a Bargain Town la mitad del costo de su inspección y mantenimiento. Sin embargo, el referido convenio sobre la inspección y mantenimiento de los carritos no tiene el efecto de librar a la recurrente de su obligación para con su clientela de mantener las facilidades ofrecidas a ésta en relación con sus visitas de compras al establecimiento de la recurrente, en este caso los carritos, en tal estado de funcionamiento que pudiesen ser usados sin que el servirse de ellos ocasionase lesiones a los usuarios debido a defectos en el funcionamiento de los mismos. El ofrecimiento de los carritos al público para su uso en transportar comestibles comprados en el establecimiento de la recurrente constituye, en derecho, una representación de ésta a su clientela de que estas facilidades estaban en buen estado de funcionamiento. De manera que no incidió el tribunal de instancia al responsabilizar a la recurrente y a Bargain Town por los daños ocasionados por el defecto en el carrito.

■ La demanda contra tercero que la recurrente radicó en contra de Bargain Town fue correctamente desestimada ya que no procedía bajo la Regla Núm. 12 de las de Procedimiento Civil con el propósito de traer al tercero demandado, en este caso, Bargain Town, para responderle a los recurridos. *Marcano Torres* v. *Fuentes Fluviales*, 91 D.P.R. 654 (1965); *Torres* v. *A.M.A.*, 91 D.P.R. 714 (1965).

■ 4.—El tribunal de instancia en sus conclusiones de derecho indica que la recurrente "viene obligada a indemnizar a Bargain Town por cualquier suma que ésta pague a la parte demandante." Esta conclusión se basó en la referida cláusula de relevo al contenido de la cual se hace referencia en el párrafo Núm. 12 de las conclusiones de hecho del tribunal de instancia. Pero dicho tribunal no incluyó dictamen alguno en su sentencia con respecto a esta cuestión. La razón es que Bargain Town nunca hizo reclamación alguna contra la recurrente, mediante demanda de coparte u otro recurso, para hacer efectivo el derecho que tuviere, si es que alguno tenía, a indemnización bajo la antes mencionada cláusula de relevo.

Por lo tanto, no existe controversia alguna en este caso entre la recurrente y Bargain Town bajo las tantas veces mencionada cláusula de relevo que requiera que determinemos el alcance y efectividad de ésta y si, en tal virtud, procede o no procede que la recurrente rembolse e indemnice a Bargain Town el monto de la sentencia dictada en este caso que fue ejecutada en bienes de esta última y de la cual no recurrió por lo que es final y firme.

En vista de lo expuesto, debe confirmarse la sentencia dictada en este caso en contra de la recurrente por el Tribunal Superior, Sala de San Juan, en 20 de marzo de 1969.

El Juez Asociado Señor Dávila no intervino.