**NAACP, WESTERN REGION et al.,
Plaintiffs,**

v.

**James D. HODGSON et al., Defendants.**

**Civ. A. No. 2010-72.**

United States District Court,
District of Columbia.

Dec. 4, 1972.

Lawrence J. Sherman, Washington, D. C., for plaintiffs.

Harlington Wood, Springfield, Ill., Harold H. Titus, Jr., Harland F. Leathers, Washington, D. C., J. Michael Cogbill, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION AND ORDER

RICHEY, District Judge.

Plaintiffs herein are seventeen organizations and eighty-eight black and Chicano individual migratory farm laborers. They allege that Defendant Rural Manpower Service officials allow and perpetuate discriminatory conduct in the operation and staffing of Rural Manpower Service offices located throughout the United States and that such discriminatory conduct is in violation of the Wagner-Peyser Act (29 U.S.C. § 49 et seq.), its implementing regulations (20 C.F.R. § 601 et seq.); Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d); and the Fifth Amendment to the United States Constitution.

Plaintiffs have noticed three depositions of individuals that are not defendants but were employees of the Special Review Staff of the Department of Labor's Manpower Administration who conducted an investigation of an administrative complaint filed by some of these same plaintiffs in April 1971. Plaintiffs have requested that each of the deponents review the documents contained in plaintiffs' Request for Production of Documents and bring with them such records, personal or staff notes or other documents which will help in responding to questions concerning the deponents' participation in gathering, preparing and drafting the documents requested and any other agency documents or reports resulting therefrom. Plaintiffs have also filed Interrogatories and Request for Production of Documents which seek, *inter alia*, all types of documents and all other written materials prepared, compiled, analyzed or examined by the Special Review Staff in connection with its investigation of the Rural Manpower Service.

The defendants have moved, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order postponing all discovery in this case until at least 20 days after disposition by the Court of a Motion to Dismiss or, in the Alternative, for Summary Judgment, which defendants claim will be dispositive of this case. They assert that to allow discovery to proceed prior to the disposition of the proposed Motion would be to place an undue burden upon defendants in terms of the time required for the government officials to prepare for the depositions, to answer the interrogatories, to examine documents to determine which would fall within the requests of the plaintiffs, and to actually attend the depositions.

Absent a compelling reason for nondisclosure, the United States is bound by the Federal Rules of Civil Procedure just as any litigant. 4 Moore's Federal Practice, ¶¶ 26.51, 26.61; U. S. v. Procter & Gamble Co., 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). As stated by the Court of Appeals in Freeman v. Seligson, 132 U.S. App.D.C. 56, 405 F.2d 1326, 1337–1338 (1968):

> "[T]he paramount interests of the Government in having justice done between litigants in the Federal courts militates in favor of requiring great effort on its part to produce any documents relevant to a fair determination of this litigation."

The defendants have demonstrated no compelling reasons for nondisclosure. Plaintiffs, on the other hand, have asserted several reasons why discovery should and must proceed. Plaintiffs claim that by moving for summary judgment and simultaneously seeking to stay discovery of matters peculiarly within the defendants' knowledge, the defendants seek to deny plaintiffs access to the very evidence needed to counter fully the motion. There is merit to this contention, for it is well settled that a protective order should not issue if it would result in denying one party in the case access to proof necessary to withstand summary judgment. See 6 Moore's Federal Practice, ¶ 56.15[5]. This alone is sufficient reason to deny the defendants' motion for a protective order.

There is, however, an even more important reason for allowing discovery to proceed at this time. Plaintiffs have indicated an intention to press for a preliminary injunction hearing or to cross-move for summary judgment as soon as discovery has been completed, being desirous of presenting their case on the fullest possible record but early enough for next summer's growing season. While the Court wishes to make it perfectly clear that it is not ruling at this juncture on the merits of plaintiffs' claims for relief, it nevertheless recognizes that any relief to which plaintiffs may be entitled should be forthcoming prior to the next growing season since the individual plaintiffs herein and many other farmworkers will rely on Rural Manpower Service clearance orders processed this winter or next spring and will travel great distances for next summer's harvest in many "user" states of migratory farm labor. Under these circumstances, the granting of defendants' motion would not serve the interest of justice, another consideration expressly contemplated by Rule 26(c).

Accordingly, and upon consideration of plaintiffs' Opposition to the Defendants' Motion for a Protective Order and their Motion to Compel Discovery and Stay the Resolution of Defendants' Anticipated Summary Judgment Motion, and supporting memorandum and affidavits, and defendants' Motion and Points and Authorities in Support of a Protective Order, it is by the Court this 4th day of December, 1972,

Ordered, that the defendants comply with plaintiffs' discovery request and make any objections they might have to plaintiffs' discovery request within five (5) days of this Order; and it is

Further ordered, that defendants supply the answers, data and witnesses for deposition as requested by plaintiffs within ten (10) days of this Order; and it is

Further ordered, that the United States Marshal or his designated deputy shall serve this order upon all parties forthwith.