PETRA RODRÍGUEZ VDA. DE RIVERA ET AL., demandantes y re-
curridos, *v.* PUEBLO SUPERMARKETS, INC., ET AL., deman-
dadas, CARIBBEAN PRIVATE POLICE, INC. y PUERTO RICAN–
AMERICAN INSURANCE COMPANY, terceras demandadas y
recurrentes.

*Número*: R-72-315     *Resuelto*: 26 de marzo de 1974

*Agrait, Otero & Oliveras,* abogados de las terceras demandadas y recurrentes; *Luis A. Maldonado Soto,* abogado de los recurridos; *Rieckehoff, Calderón, Rosa Silva & Vargas* y *David Rivé-Rivera,* abogados de las demandas.

EN RECONSIDERACIÓN

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Mientras Petra Rodríguez compraba en uno de los Supermercados Pueblo fue intervenida por un agente de seguridad que la acusó de haberse apropiado de artículos sin pagarlos. Instó, junto a sus hijos, acción contra Pueblo Supermarket y su aseguradora para resarcirse. Las demandadas radicaron demanda de tercero contra Caribbean Private Police, Inc., y su aseguradora. Alegaron que para la fecha de los hechos la compareciente Pueblo Supermarkets, Inc., había contratado los servicios de un detective, quien era para esa fecha empleado y/o agente de esta última y que fue la persona que intervino con la demandante. Tanto la Caribbean como su aseguradora fueron emplazadas. Así, estaban ante el tribunal los demandantes, Pueblo y su aseguradora y la empresa que suplió el detective y su aseguradora. Todas las partes en el pleito firmaron una estipulación que en su parte pertinente expresa:

"4. Que allá para el 30 de abril de 1971, la demandante Petra Rodríguez Vda. de Rivera, se encontraba como clienta en el mencionado Supermercado Pueblo de Levittown y estando allí fue intervenida por un agente de seguridad llamado Jaime Martínez García, quien la acusó de haber tomado artículos propiedad de dicho Supermercado sin haber pagado por ellos siendo dicha imputación falsa.

5. Los demandantes antes relatados y mencionados sufrieron como consecuencia de la intervención antes relatada hondos sufrimientos y angustias mentales.

6. Dicho agente de seguridad Jaime Martínez García era para la fecha del incidente antes relatado, empleado de Caribbean Private Police, Inc., entidad ésta que en su carácter de contratista independiente había contratado con las demandadas los servicios de seguridad en dicho Supermercado y específicamente los servicios del mencionado Jaime Martínez García.

7. Para la fecha antes relatada la tercera demandada Caribbean Private Police, Inc., tenía expedida en vigor y a su favor un seguro de responsabilidad pública cubriendo riesgos de los mencionados en la presente estipulación expedida por la tercera demandada Puerto Rican American Insurance Company."

Concluye la estipulación solicitando que se "dicte la sentencia que proceda en derecho a tenor con los hechos antes estipulados." El Tribunal Superior, Sala de Bayamón, Mangual, J. dictó la sentencia. Al dictarla expresó:

"Con vista de dichas estipulaciones, el Tribunal declara con lugar la demanda, y en su consecuencia, condena a Caribbean Private Police y a su aseguradora la Puerto Rican American Insurance Co. a satisfacer a los demandantes las siguientes sumas. . . ." (1)

Las terceras demandadas solicitaron la revisión de la sentencia fundándose en que "sería contrario a derecho dictar sentencia contra el tercero demandado en un caso, como el presente, donde los demandantes nunca han instado acción o reclamación contra el tercero demandado . . . ."

Expedimos el auto solicitado.

Por sentencia de 29 de enero de 1973 modificamos la dictada por el tribunal de instancia en el sentido de declarar con lugar la demanda contra Pueblo y en consecuencia también con lugar la demanda contra las terceras demandadas,

_____

(1) Es evidente que el Tribunal Superior declaró sin lugar la demanda contra Pueblo Supermarkets.

de suerte que éstas pagaran a Pueblo lo que éste tuviera que pagar a los demandantes.

Pueblo solicitó la reconsideración. También las terceras demandadas. Procede declarar con lugar la radicada por Pueblo. Cometimos error en modificar la sentencia recurrida y declarar con lugar la demanda contra Pueblo. La sentencia declarando sin lugar la demanda contra Pueblo era firme. Los demandantes no recurrieron para revisarla. Lo que procedía era confirmar la sentencia que dictó el Tribunal Superior, Sala de Bayamón, responsabilizando a las terceras demandadas.

◼ Las terceras demandadas pretenden evadir la responsabilidad que le impuso la sentencia basándose en el refinamiento procesal de que la parte demandante no radicó una demanda enmendada para incluirlas como demandadas. Pero es evidente que el juez de instancia, vista la estipulación en la que la tercera demandada además de otras admisiones aceptaba que la persona que intervino con la parroquiana de Pueblo era su empleado, consideró la demanda enmendada para incluirla como parte demandada. La estipulación no solicita que se dicte sentencia de acuerdo con las alegaciones, sino que termina solicitando del Tribunal que "dicte la sentencia que proceda en derecho *a tenor con los hechos antes estipulados.*" Y es claro que los hechos antes estipulados establecen la responsabilidad por los daños sufridos en la tercera demandada. Las verdaderas partes adversas, de acuerdo con los hechos estipulados, son los demandantes y las terceras demandadas. Si el pleito hubiera ido a juicio, con lo estipulado como prueba, la demanda se hubiera considerado enmendada. *Parrilla García* v. *Fuentes Fluviales*, 92 D.P.R. 168–176 (1965); *Viñas* v. *Pueblo Supermarket*, 86 D.P.R. 33 (1962); Feldman, *A Puzzle under the Federal Impleader Rule*, 34 Tul. L. Rev. 77, 86 (1959). No puede tener otro alcance la estipu-

lación.(²) La Regla 13.2 dispone, recordando al leerla que la estipulación sustituye la prueba, que "[c]uando con el consentimiento expreso o implícito de las partes se sometan a juicio cuestiones no suscitadas en las alegaciones, aquéllas se considerarán a todos los efectos como si se hubieran suscitado en las alegaciones. La enmienda de las alegaciones que fuere necesaria para conformarlas a la evidencia a los efectos de que las alegaciones reflejen las cuestiones suscitadas, podrá hacerse a moción de cualquiera de las partes en cualquier momento, aun después de dictarse sentencia; pero la omisión de enmendar no afectará el resultado del juicio en relación con tales cuestiones . . . ." ¿Qué tiene de injusto el que estando todas las partes ante el tribunal se dicte la sentencia que proceda de acuerdo con los hechos estipulados? Eso fue precisamente lo que se solicitó en la estipulación. Ya es hora de que la administración de la justicia deje de ser una lidia en la que el más hábil obtiene la victoria. "Las Reglas Federales rechazan la línea de pensamiento según la cual el alegar es un concurso de destrezas en el cual un paso en falso de parte del abogado puede resultar decisivo y aceptan el principio que el propósito de alegar es el facilitar una justa decisión en los méritos." *Conley* v. *Gibson*, 355 U.S. 41, 48 (1957). Y como se expresó en *Travelers Indemnity Co.* v. *United States*, 382 F.2d 103 (10th Cir. 1967) : "Los fines de la justicia no se satisfacen cuando se permite la derrota de reclamaciones justas por razón de reglas técnicas."

■ En *Parrilla* nos negamos a dictar sentencia condenando al tercer demandado a responderle a la parte demandante ya que la demanda contra el tercer demandado se vio separadamente de la demanda principal, y el tercer demandado no había tenido la oportunidad de cuestionar la prueba que lo hacía responsable presentada por el demandante. Pero

---

(²) No se concibe pensar que la representación legal de la demandante hubiera firmado una estipulación si el firmarla conllevaba que se declarara sin lugar la demanda, cuando pudo haber solicitado permiso para enmendarla a los efectos de incluir a las terceras demandadas como demandadas.

esa no es la situación en el presente caso. La propia tercera demandada admite en la estipulación que la persona que intervino con Petra Rodríguez era su empleado y que esa intervención causó hondos sufrimientos y angustias mentales. ¿Qué acción hubiera podido tomar la tercera demandada, después de haber firmado la estipulación, para evadir su responsabilidad si se hubiera radicado la demanda enmendada? Ninguna, ya que se había admitido que el que intervino con la parroquiana era empleado de la tercera demandada, que era falso lo que imputó, y que "los demandantes antes relatados y mencionados sufrieron como consecuencia de la intervención antes relatada hondos sufrimientos y angustias mentales."

■ ¿Pero en verdad es necesario para hacer justicia el formalismo de una demanda enmendada? ¿Qué razón válida hay para no considerar enmendada la demanda en vista de los hechos admitidos por la tercera demandada? Una estipulación de hechos sustituye a la prueba presentada en la vista del caso. ¿Es justo castigar a la parte demandante porque firmó una estipulación, y le economizó al proceso judicial una vista en corte? En *Parrilla* citamos de Feldman, *A Puzzle Under the Federal Impleader Rule*, supra:

"Una doctrina que no requiera enmienda formal a las alegaciones [por parte del demandante] como único medio de presentar una reclamación contra un tercero demandado es una solución realista al problema. Los principios procesales no deben ser instrumentos débiles dominados por fórmulas que deben seguirse literalmente. Un sistema procesal oneroso tiende únicamente a combatir el verdadero propósito de un pleito." (92 D.P.R. 168, 176)

La circunstancia de que a la fecha en que se firmó la estipulación, que necesariamente es la fecha en que debe considerarse la demanda enmendada, había transcurrido en exceso el término de un año que establece el Art. 1868 del Código Civil para iniciar la acción no tiene el efecto de impedir el ejercicio de ésta.

Los hechos que dieron margen a la acción ejercitada ocurrieron el 30 de abril de 1971. La demanda se radicó el 1ro. de julio de 1971. La demanda contra terceros, el 8 de marzo de 1972. En ese mismo día fueron emplazadas las terceras demandadas. La estipulación fue firmada el 9 de octubre de 1972, transcurrido más de un año desde el 30 de abril de 1971, fecha de la ocurrencia de los hechos que dieron base a la reclamación.

La Regla 13.3 de las de Procedimiento Civil de 1958 dispone:

"Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, transacción o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original."

Corresponde esta Regla a la 15 (c) de las de Procedimiento Civil Federal, la cual fue enmendada en el 1966 para adicionarle lo siguiente:

". . . Una enmienda sustituyendo la parte contra quien se incoa una reclamación se retrotrae si se satisface la norma anterior y, dentro del tiempo provisto por ley para comenzar la acción en su contra, la parte a ser incluida mediante enmienda (1) ha recibido tal notificación sobre la institución de la acción como para no ser perjudicado al interponer su defensa en los méritos, y (2) sabía o debió de haber sabido que, a no ser por un error con relación a la identidad de la parte adecuada, la acción se hubiera incoado en su contra."

█ Lo adicionado en el 1966 permite que cualquier enmienda se retrotraiga a la fecha de la radicación de la demanda original, si la causa de acción que se alega en la demanda enmendada surge del mismo evento o transacción que se alegó en la demanda original. Sólo se requiere establecer que el nuevo demandado, dentro del término prescriptivo (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulte impedido de aducir las defensas pertinentes, y (2) de no haber sido por un error en

cuanto a la identidad del verdadero responsable la acción, se hubiera originalmente instituido en su contra.

La jurisprudencia interpretativa y los comentaristas a las reglas federales exponen el criterio que la enmienda del año 1966 no tuvo otro propósito que incorporar la práctica generalmente aceptada en la jurisdicción federal. Así, en *Travelers Indemnity Company* v. *United States*, supra, se dijo:

"Si bien se debe a la enmienda de 1966 que las condiciones aparezcan explícitamente expuestas en la Regla 15(c), la historia, intención y propósito de la regla federal no permiten a esta corte concluir que la interpretación de la Regla 15(c) antes del 1966 debía ser distinta. La enmienda del 1966 meramente aclara, al exponerlo explícitamente, el procedimiento permisivo y sus adecuadas garantías, que han existido bajo la Regla 15(c) desde su adopción."

Ver además *Meredith* v. *United States Airline*, 41 F.R.D. 34 (D.C.S.D. Cal. 1966); 3 Moore, *Federal Practice*, Sec. 15.15 [4.2], pág. 1049; 6 Wright & Miller, *Federal Practice & Procedure*, Sec. 1498, pág. 507.

Vemos pues, que la Regla 13(c), aun sin la enmienda de que fue objeto la Regla "federal", permite que la enmienda a una demanda se retrotraiga a la fecha de su radicación, si se cumple con los requisitos que antes dejamos expuestos.

El el presente caso la acción contra la terceras demandadas era exactamente la misma que se alegó en la demanda original; las terceras demandadas estaban enteradas de la pendencia de la reclamación dentro del término prescriptivo y que un agente de ellas intervino con Petra Rodríguez en el Supermercado Pueblo donde prestaba servicio de vigilancia. Las terceras demandadas necesariamente tenían que saber que de no haber sido por la equivocación de creer que la persona que intervino con la demandante era un empleado de Pueblo Supermarkets, la demanda hubiera sido radicada originalmente contra ellas. Los hechos del presente caso cumplen

con las salvaguardas exigidas para que una demanda enmendada radicada fuera del período prescriptivo se retrotraiga a la fecha de la radicación de la demanda original. Ver *Williams* v. *Avis Transport of Canada, Ltd.*, 57 F.R.D. 83 (1972). En vista de estas circunstancias es inescapable concluir que la acción no estaba prescrita.

Procede por todo lo antes expuesto *reconsiderar nuestra sentencia de 29 de enero de 1973, en el sentido de dejarla sin efecto en cuanto a Pueblo Supermarkets y confirmar la que dictó el Tribunal Superior.*

El Juez Asociado Señor Cadilla Ginorio disintió en opinión separada con la cual concurre el Juez Presidente Señor Pérez Pimentel. El Juez Asociado Señor Rigau, no intervino.

—O—

Opinión disidente del Juez Asociado Señor Cadilla Ginorio, con la cual concurre el Juez Presidente Señor Pérez Pimentel.

(En Reconsideración)

San Juan, Puerto Rico, a 26 de marzo de 1974

Petra Rodríguez Vda. de Rivera, se encontraba en horas de la tarde del día 30 de abril de 1971, como cliente del Supermercado "Pueblo Supermarkets, Inc.", [1] haciendo sus compras y estando allí fue intervenida por un agente de seguridad llamado Jaime Martínez García, quien la acusó de haber tomado artículos propiedad de "Pueblo" sin haber pagado por ellos; siendo dicha imputación falsa.

Petra Rodríguez, al ocurrir dichos hechos, era casada con Antonio Rivera González, quien falleció con posterioridad a la ocurrencia de dichos hechos; y ella y sus hijos Gladys Esther, Pedro Antonio y María Milagros, habidos en el

---

[1] En adelante lo llamaremos "Pueblo".

matrimonio de Petra con su referido esposo Antonio Rivera González, instaron demanda contra "Pueblo", y la compañía de seguros Employers Commercial Union Insurance Company[2] y Denis López,[3] reclamando daños y perjuicios por sufrimientos físicos y mentales con motivo de dichos hechos.

Los demandados "Pueblo" y "Union Insurance" radicaron una "Demanda contra Tercero" contra "Caribbean Private Police"[4] y su compañía aseguradora "Puerto Rican-American Insurance Co.",[5] alegando que la responsabilidad imputada a los demandados terceros demandantes estaba predicada en el alegado hecho de que el causante de los daños era, a la fecha de los hechos alegados en la demanda, empleado o funcionario de "Pueblo"; pero que éste había contratado con la tercera demandada "Private Police" los servicios de un detective, quien era, para la fecha de los hechos empleado y/o agente de esta última y fue la persona que intervino con la demandante Petra Rodríguez Vda. de Rivera; y que "Private Police" tenía una póliza de seguro expedida a su favor por "Puerto Rican-American", de responsabilidad pública, cubriendo riesgos de la índole mencionada en la demanda. Alegaron los demandados que "Private Police" y "Puerto Rican-American" le eran o podían serles responsables a los demandados y terceros demandantes por toda o parte de cualquier suma que éstos vinieran obligados a pagarle a cualquiera de los demandantes. Solicitaron que se declarara con lugar la referida Demanda de Tercero y se obligara a dichos terceros demandados a pagarle a los demandados y terceros demandantes cualquier suma de dinero que éstos vengan obligados a pagarle a los demandantes.

---

[2] En adelante la llamaremos "Union Insurance".

[3] Este se eliminó por no haber sido el que intervino con Petra Rodríguez.

[4] En adelante la llamaremos "Private Police".

[5] En adelante la llamaremos "Puerto Rican-American".

Los terceros demandados contestaron la demanda contra tercero, aceptando algunos hechos y negando otros.

A base de una "Estipulación" de los hechos que hemos expuesto anteriormente en los primeros tres párrafos, todas las partes sometieron el caso al tribunal de instancia para que dictara la sentencia "que procede en derecho a tenor con los hechos estipulados".

En su virtud, el tribunal de instancia dictó Sentencia que, en su parte pertinente, copiada literalmente del original, lee así:

"Con vista de dichas estipulaciones, el Tribunal declara Con Lugar [*sic*] la demanda, y en su consecuencia, condena a Caribbean Private Police, Inc. y a su aseguradora la Puerto Rican American Insurance Co. a satisfacer a los demandantes las siguientes sumas:

(a) Petra Rodríguez Vda. de Rivera, ............... $3,000.00
(b) Gladys Esther, Pedro Antonio y María Mila-
gros Rivera Rodríguez, ............................................. $ 600.00
a cada uno.

Se condena además a las demandadas al pago de las costas y la suma de $600.00 por honorarios de abogado.

*Se declara Sin Lugar la demanda en cuanto a la demandada Pueblo Supermarkets, Inc.*" (Bastardillas nuestras.)

Dicha Sentencia se dictó el día 18 de octubre de 1972 y fue notificada a las partes el 20 octubre de 1972, archivándose copia en los autos en igual fecha.

De las partes envueltas en el caso, los únicos que radicaron Solicitud de Revisión para ante este Tribunal, fueron los terceros demandados "Private Police" y "Puerto Rican-American", dentro del término de 30 días que tenían para hacerlo. Ese término venció el 19 de noviembre de 1972.

Ni "Pueblo", ni su aseguradora "Union Insurance" radicaron solicitud de revisión ni apelación, para ante este Tribunal, por lo cual dicha sentencia, en cuanto a estos codemandados se convirtió en final y firme desde el 20 de noviembre de 1972.

En ningún momento los demandantes solicitaron permiso para enmendar su demanda, ni la enmendaron, para incluir como codemandados a las terceras demandadas "Private Police" y su aseguradora "Puerto Rican-American".

Las terceras demandadas "Private Police" y "Puerto Rican-American", únicos recurrentes, nos pidieron en su Recurso de Revisión que se dejara sin efecto la sentencia dictada por el tribunal de instancia, por ser errónea, imputando al tribunal sentenciador dos errores, a saber: (1) que ese tribunal incurrió en error al condenar a las terceras demandadas a pagar directamente a los demandantes la suma de $4,500.00, a pesar de que los demandantes nunca instaron acción o reclamación alguna contra las terceras demandadas y a pesar de que cualquier acción que pudieran tener los demandantes se encontraba prescrita; y, porque al exonerar de responsabilidad a las demandadas, debió declarar sin lugar la demanda de tercero; (2) y al conceder a los demandantes una indemnización exagerada y excesiva, que no guarda proporción con los daños sufridos por los demandantes, ya que se estipuló únicamente que éstos tuvieron sufrimientos y angustias mentales, pero los demandantes no aportaron ninguna otra prueba para establecer la extensión y naturaleza de dichos sufrimientos.

Los demandantes recurridos se opusieron a la Solicitud de Revisión. Alegaron que la sentencia impugnada se dictó a base de una estipulación de hechos a que llegaron las partes luego de una reunión de sus respectivos abogados, de donde surgieron los hechos demostrativos de negligencia y la alegación de que los demandantes habían sufrido hondos sufrimientos y angustias mentales por la conducta del empleado de los demandados Jaime Martínez; y que, a base de los hechos estipulados, el Tribunal determinase cuál de las dos demandadas pagaría a los demandantes por los daños sufridos por ellos por la intervención indebida de dicho agente o empleado de los demandados recurrentes; y que lo que se le

sometió fue si debía pagar la demanda recurrente "Puerto Rican-American", como aseguradora de "Private Police", por haber sido Jaime Martínez agente o empleado de esta última el causante de los daños; o si debía pagar la codemandada "Pueblo" por haber contratado con la demandada recurrente los servicios de dicho agente; que fue la intención de todas las partes que el Tribunal, a base de los hechos estipulados, determinara cuál de las dos codemandadas debía de pagar o si ambas debían de pagar concurrentemente; y que a base de los hechos de la estipulación no había lugar a dudas de que el tribunal de instancia podía dictar la sentencia que dictó y que se pretende revisar. Más adelante nos referiremos a estas alegaciones de los demandantes en oposición a que se expidiera el auto de revisión.

Las recurrentes sometieron el recurso a base de las alegaciones del mismo y del memorando de autoridades que acompañaron al mismo.

Por Resolución de este Tribunal de 6 de diciembre de 1972 acordamos revisar la referida sentencia.

Elevados los autos originales, con fecha 29 de enero de 1973 dictamos sentencia donde resolvimos que el error del tribunal sentenciador era evidente, ya que no procedía condenar al tercero demandado a responderle a los demandantes recurridos, porque el tercero demandado fue traído al pleito para responderle directamente a los demandados terceros demandantes y no a los demandantes originales; y que, al declarar con lugar la demanda, el tribunal de instancia debió haber condenado a los demandados a responder directamente al demandante y, en su consecuencia, debió haber declarado con lugar la demanda de tercero haciendo responsable a los terceros demandados por cualquier cantidad que los demandados terceros demandantes pagaran a los demandantes por motivos del pleito.

En virtud de lo expuesto, y creyendo que procedía enmendar la sentencia a estos efectos; procedimos a así hacerlo,

modificando dicha sentencia en el sentido de declarar con lugar la demanda contra "Pueblo", condenándolo a pagar los daños evaluados por el tribunal de instancia; y, como consecuencia, declaramos también con lugar la demanda de tercero haciendo responsable a "Private Police" por cualquier cantidad que "Pueblo" pagara a los demandantes recurridos; y así modificada, se confirmó la sentencia recurrida. (⁶)

Las terceras demandadas recurrentes solicitaron de nos la reconsideración de dicha sentencia, alegando que no era correcto que el tribunal sentenciador declarara con lugar la demanda, ya que el propio tribunal, a la página 3 de la sentencia declaró sin lugar la demanda original en cuanto a "Pueblo"; (⁷) y que si bien en el párrafo segundo de la página 3 de la sentencia se indica que "el Tribunal declara con lugar la demanda, y en su consecuencia, condena a Caribbean Private Police, Inc., y a su aseguradora la Puerto Rican-American Insurance Company. . ." ello evidentemente es un error por cuanto en el último párrafo de esa misma página el Tribunal Superior indica sin lugar a dudas que declara sin lugar la demanda original en cuanto a "Pueblo".

Alegan además, como fundamento para la reconsideración solicitada, que toda vez que el tribunal declaró sin lugar la demanda contra "Pueblo", procedía en derecho que este Tribunal revocara la sentencia dictada contra las terceras demandadas y desestimara la demanda de tercero; que los demandantes nunca solicitaron revisión de dicha sentencia, por lo cual, la misma era firme e inapelable y constituía cosa juzgada entre las partes; y que este Tribunal carecía de jurisdicción para alterar en forma alguna aquella parte de la

---

(⁶) El Señor Juez Martínez Muñoz no intervino. Los Jueces Asociados Señores Díaz Cruz, Irizarry Yunqué y el aquí disidente, para esa fecha, no formaban parte de este Tribunal.

(⁷) "Se declara sin lugar la demanda en cuanto a Pueblo Supermarkets, Inc."

sentencia en que se desestimaba la demanda original contra "Pueblo". (⁸)

Igualmente compareció ante este Tribunal la codemandada "Pueblo", pidiéndonos reconsideración de la sentencia nuestra, ya que la sentencia del tribunal de instancia era final, firme e inapelable y/o revisable; que nunca apeló ni pidió revisión de la misma, ya que contra ellos no existía sentencia alguna; y, sobre todo, porque los demandantes aceptaron dicha sentencia al no presentar recurso de revisión alguno.

Los demandantes radicaron escrito de oposición a las reconsideraciones solicitadas.

El 16 de febrero de 1973 dictamos Resolución declarando sin lugar ambas mociones de reconsideración. (⁹)

Nuevamente comparecieron las recurrentes pidiendo reconsideración a la referida Resolución nuestra del 16 de febrero de 1973 y alegando los mismos fundamentos expuestos anteriormente; y nuevamente comparecieron los recurridos oponiéndose a la reconsideración.

El 29 de marzo de 1973 dictamos Resolución concediendo un término de 15 días, a partir de la fecha de notificación de la misma, a los recurridos, para que ampliaran su moción oponiéndose a la nueva solicitud de reconsideración; exponiendo específicamente los fundamentos de derecho y la jurisprudencia en que descansan para oponerse a la nueva moción de reconsideración. (¹⁰)

---

(8) No nos seduce mucho la alegación de los recurrentes de que siendo la tercera demandada "Private Police" un contratista independiente, no podía responsabilizarse a "Pueblo" por las actuaciones negligentes de un empleado de dicho contratista independiente. (Véase: 32 Am.Jur.2d, *False Imprisonment*, sec. 47 (1967). Pero esa no es la cuestión ante nos en estos momentos.

(9) Los Jueces Asociados Señores Martínez Muñoz y Cadilla Ginorio, no intervinieron.

(10) Los Jueces Asociados Señores Martínez Muñoz y Díaz Cruz no intervinieron.

Los demandantes recurridos radicaron entonces un escrito que titularon "Breve Relación de Incidentes", en el cual se circunscriben a exponer los hechos que ya conocemos; y a sostener la teoría de que la estipulación de hechos constituye una transacción judicial, un *"contrato acordado"* entre las partes, donde éstas piden al Tribunal que dicte sentencia a favor de los demandantes. Copiado literalmente de la página 7 del escrito arriba referido, la teoría de los recurridos se expresa así:

"Las partes le dicen al Tribunal básicamente: Hemos acordado *que la demandante tiene derecho a recuperar por sus sufrimientos* y tiene derecho a recuperar *de uno de los dos,* del tercero demandado recurrente o de la demandada Pueblo Supermarket, *quedando únicamente* para determinar por el Tribunal *cual de los dos* sería responsable." (Bastardillas nuestras.)

La opinión de este Tribunal, de la cual estamos disintiendo, resuelve que cometió error el Tribunal al modificar la sentencia recurrida y declarar con lugar la demanda contra "Pueblo"; ya que ésta era firme y final por no haber los demandantes recurridos para revisarla; y que lo que procedía era confirmar la sentencia dictada por el tribunal de instancia. Estamos de acuerdo en cuanto a lo relacionado con "Pueblo".

En lo que disentimos es en la afirmación de dicha opinión en el sentido de que los terceros demandados pretendían evadir la responsabilidad que le impuso la sentencia del Tribunal de Bayamón, basándose en el refinamiento procesal de que la parte demandante no radicó una demanda enmendada para incluirla como demandadas. No creemos que se trate de un refinamiento procesal; sino meramente de dar cumplimiento a la Regla 12.1 cuya letra es clara. La regla concede al demandado la oportunidad para que actuando como demandante contra tercero, traiga al pleito a una persona, que no siendo parte en el mismo, le sea o pueda serle responsable a dicho tercer demandante por todo o parte de la

reclamación del demandante. Se le trae para que le sea responsable a él; pero no para que le sea responsable al demandante original; a menos que éste enmiende su demanda y lo incluya como demandado también. De esta manera se notifica al demandante original para que, si lo cree conveniente, proceda a enmendar su demanda, incluyendo al tercero demandado, como demandado en la demanda original.

La opinión del tribunal expresa que las terceras demandadas pretenden evadir la responsabilidad que les impuso la sentencia "basándose en el refinamiento procesal" de que la parte demandante no radicó una demanda enmendada para incluirlas como demandadas; "pero es evidente que el juez de instancia, vista la estipulación en la que la tercera demandada además de otras admisiones aceptaba que la persona que intervino con la parroquiana de Pueblo era su empleado, consideró la demanda enmendada para incluirla como parte demandada"; y expresó que "La estipulación no solicita que se dicte sentencia de acuerdo con las alegaciones, sino que termina solicitando que 'dicte la sentencia que proceda en derecho *a tenor con los hechos antes estipulados*'." Y continúa expresando: "Y es claro que los hechos antes estipulados establecen la responsabilidad por los daños sufridos en la tercera demandada. Las verdaderas partes adversas, de acuerdo con los hechos estipulados, son los demandantes y las terceras demandadas. Si el pleito hubiere ido a juicio, con lo estipulado como prueba, la demanda se hubiera considerado enmendada."

No podemos estar de acuerdo con lo ilógico de este razonamiento, que equivale a buscarle la razón a la sinrazón. Ese sí es un "refinamiento procesal", en virtud del cual se pretende, so pretexto de hacer justicia, legislar judicialmente, enmendando la Regla 12.1, para cubrir situaciones claramente contrarias a sus propósitos. Es cierto que en los hechos estipulados, las terceras demandadas admitieron que el agente de seguridad Jaime Martínez García era, para la

fecha del accidente, un empleado de "Private Police"; entidad ésta, que en su carácter de contratista independiente había contratado con la demanda "Pueblo"; pero esa admisión suya en la referida estipulación de hechos, era para que el tribunal resolviera, conforme a derecho, la responsabilidad que pudieran tener esos terceros en relación con el demandado "Pueblo", que fue quien los trajo como terceros demandados, y no con los demandantes, ya que esos terceros no eran demandados.

Los casos de *Viñas* v. *Pueblo Supermarket*, 86 D.P.R. 33 (1962) (Dávila) y *Parrilla García* v. *Fuentes Fluviales*, 92 D.P.R. 168 (1965) (Dávila), citados en la opinión de este Tribunal, emitida en reconsideración por el Juez Asociado Señor Dávila, a nuestro juicio, no son aplicables a este caso.

En el primero de dichos casos, los hechos envueltos eran diferentes a los del presente. Viñas sufrió un accidente en el área de estacionamiento del Supermercado Pueblo. Demandó a la entidad que operaba el supermercado y su compañía aseguradora, reclamándoles el pago de los daños sufridos. La aseguradora codemandada presentó *demanda de tercero* contra el operador de una estación de servicio de gasolina situada junto al área de estacionamiento donde ocurrió el accidente. El referido tercero demandado, no solamente contestó la demanda de tercero, sino que *también contestó la demanda original radicada por Viñas contra Pueblo Supermarket*. Con esa segunda actuación la aseguradora se sometió voluntariamente a la jurisdicción del tribunal, como si hubiese sido codemandada y emplazada como tal. Por su propia y voluntaria actuación la aseguradora, tercera demandada, y además, demandada voluntaria dentro de la demanda original, al contestar ésta, puso al tribunal sentenciador en condiciones de determinar que la demandada Pueblo Supermarkets y la aseguradora eran ambas responsables, hacia el demandante Viñas, por haber ambas contribuido a la ocurrencia del accidente; pero que también Viñas contribuyó con su pro-

pia negligencia; distribuyendo la responsabilidad entre las partes, en las proporciones que se establecen en la sentencia.

En el otro caso de *Parrilla*, supra, se trataba de una situación diferente. La demandada Fuentes Fluviales, en cada una de las dos demandas radicadas contra ella, contestó las demandas y alegó que los accidentes se debieron a la negligencia exclusiva de terceras personas ajenas a la demandada; y, de conformidad con esa alegación, radicó demandas contra terceros en ambos casos.

La parte demandante solicitó que la vista de los casos contra Fuentes Fluviales se celebrara separadamente de la acción incoada por esta última contra el tercero demandado. El tribunal dictó sentencias separadas en los casos originales y en la demanda de tercero. La manifestación de este Tribunal de que ". . . especialmente cuando de las alegaciones de la demanda contra tercero surgía, si podían sostenerse con la prueba, la posibilidad de que el tercero demandado fuera el único responsable. Y ya hemos visto que la propia prueba de la parte demandante así lo estableció", es a nuestro juicio, meramente un *dictum*.

Igualmente la opinión expresa en dicho caso de *Parrilla*, supra, que: "Por haberse celebrado las vistas de los casos separadamente el tercero demandado no tuvo la oportunidad de cuestionar la prueba que lo hacía responsable, presentada por el demandante. Así, si bien la prueba presentada en el primer caso establece la responsabilidad de Rivera Construction lo cierto es que éste no fue parte en ese litigio, no teniendo la oportunidad de defenderse. Esto impide que podamos dictar sentencia contra la tercera demandada y a favor del demandante."

En realidad no vemos cómo puede sostenerse que porque la prueba presentada en el primer caso estableciera la responsabilidad de Rivera Construction, que no era un codemandado, sino meramente un tercero demandado, podía considerarse como prueba directa del demandante contra dicho ter-

cero demandado; aunque éste hubiera estado presente en el
juicio, en su único carácter de tercero demandado y no como
demandado, si éste no asume voluntariamente la posición de
demandado. El no viene obligado a presentar prueba para
controvertir la prueba del demandante, ni viene obligado a
"cuestionar" la prueba de éste. El demandante podía presen-
tar prueba contra el demandado; pero esa prueba no podría
afectar al tercero demandado, que no era codemandado, ni
había actuado de tal forma que voluntariamente se estuviera
sometiendo a la jurisdicción del tribunal como demandado;
a menos que el demandante no hubiera enmendado su deman-
da en tiempo para incluirlo como tal.

En la demanda contra tercero la demandada "Pueblo" y
su aseguradora alegaron que para la fecha de los hechos,
"Pueblo" había contratado con la tercera demandada
"Private Police" los servicios de un detective, [11] quien era
para esa fecha empleado y/o agente de esa última y que fue
la persona que intervino con la demandante. (Alegación 3ra.)
La posición de "Private Police" siempre fue que el referido
detective Jaime Martínez García era para la fecha del inci-
dente, empleado de ella; pero que ". . . en su carácter de
contratista independiente había contratado con las demanda-
das los servicios de seguridad de dicho Supermercado y espe-
cíficamente los servicios del mencionado Jaime Martínez
García." (Véase el párrafo 6 de la estipulación.)

"Private Police" podía enfrentarse a la demanda de ter-
cero alegando que ella no podía serle responsable a "Pueblo",
aunque como contratista independiente hubiera contratado
los servicios de seguridad del supermercado y específicamente
los servicios de su detective Jaime Martínez García.

Se ha sostenido por la jurisprudencia que aunque la per-
sona causante de los daños no sea empleado directamente por
el demandado, sino más bien es el empleado de una agencia de

---

[11] El detective Jaime Martínez García.

detectives que ha contratado con el demandado para proteger la propiedad del demandado contra robo o desfalco, el demandado es generalmente responsable.(12) 32 Am.Jur.2d, False Imprisonment, sec. 47, pág. 113; *Schantz* v. *Sears, Roebuck & Co.*, 12 N.J. Misc. 689, 174 Atl. 162, *affd.* 115 N.J.L. 174, 178 Atl. 768; *Adams* v. *F. W. Woolworth Co.*, 144 Misc. 27, 257 N.Y.S. 776; *Szymanski* v. *Great A. & P. Tea Co.*, 79 Ohio App. 407, 35 Ohio Ops. 177, 74 N.E.2d 205; *Halliburton-Abbott Co.* v. *Hodge*, 172 Okla. 175, 44 P.2d 122; *W. T. Grant Co.* v. *Owens*, 149 Va. 906, 141 S.E. 860. Véase además: 35 A.L.R. 677, s. 92 A.L.R.2d 61, sec. 19(b).

En algunos de estos casos se ha sostenido expresamente o establecido que el demandado no puede escapar a su responsabilidad sobre la base de que el arresto falso fue ocasionado por un empleado de un contratista independiente.(13) (Am. Jur., *supra* y *Halliburton Abbott*, *supra*.)

Específicamente, en el caso de *Szymanski*, supra, se dijo:

"Debido al carácter personal de los servicios ejecutados por un detective de una tienda cuyo deber consistía en aprehender a los rateros de tiendas, el dueño de la tienda no puede delegar tal obligación o deber en un contratista independiente y por tal motivo estar relevado de responsabilidad para con sus clientes por los actos ilegales de dicho detective."(14)

En la "Estipulación" firmada por las partes, que aparece copiada literalmente, en su parte pertinente, en la página 136

---

(12) "Even though the person causing the arrest is not directly employed by the defendant, but rather is the employee of a detective agency which has contracted with the defendant to protect the defendant's property from theft or embezzlement, defendant is generally liable." 32 Am.Jur.2d, *supra*.

(13) "In some of these cases it has been expressly held or stated that the defendant cannot escape liability on the ground that the false arrest has been caused by an employee of an independent contractor."

(14) "Due to the personal character of the services performed by a store detective whose duty is to apprehend shoplifters, the store owner cannot delegate such duty to an independent contractor and thereby be relieved of liability to his customers for illegal acts of such detective."

de la opinión de este Tribunal emitida por el Juez Asociado Señor Dávila, en su inciso número 6, lee así:

"6. Dicho agente de seguridad Jaime Martínez García era para la fecha del incidente antes relatado, empleado de Caribbean Private Police, Inc., entidad ésta que en su carácter de contratista independiente había contratado con las demandadas los servicios de seguridad en dicho Supermercado y específicamente los servicios del mencionado Jaime Martínez García."

Esta era la versión correcta y verídica de la relación de "Private Police" con "Pueblo"; y la primera lo único que hizo en esa estipulación fue admitir un hecho que era cierto. Una estipulación en un procedimiento judicial, en relación con una materia o hechos incidentales al pleito, hecha por las partes, en su sentido jurídico, tiene ordinariamente como propósito, el evitar dilaciones, molestias y gastos. Las estipulaciones difieren en su carácter, siendo algunas meras admisiones de hechos, que simplemente relevan a una parte o partes de la necesidad de tener que presentar prueba, *como en este caso*. (50 Am.Jur., *Stipulations*, sec. 3, págs. 606–607). Hay otras que pueden encerrar todas las características esenciales de un contrato mutuo (Am.Jur., *supra*); pero no debe confundirse una estipulación admitiendo un hecho, con una "transacción", véase: Código Civil, 1930, Art. 1709; 31 L.P.R.A. sec. 4821; y los casos de *Canino* v. *Bellaflores*, 78 D.P.R. 778 (1955) (Belaval); *Zayas* v. *López*, 48 D.P.R. 208 (1935) (Córdova Dávila); *Díaz Torres* v. *Rivera*, 96 D.P.R. 560 (1968) (Rigau). La misma tiene la autoridad de cosa juzgada entre las partes (Código Civil, 1930, Art. 1715; 31 L.P.R.A. sec. 4827); y sólo comprende los objetos expresados en ella, o que, por una inducción necesaria de sus palabras, deban reputarse comprendidos en la misma. (Código Civil, 1930, Art. 1714; 31 L.P.R.A. sec. 4826.)

La admisión hecha por "Private Police" en el encasillado número 6 de la estipulación, que hemos copiado arriba, no implica en derecho que ella está admitiendo que le es respon-

sable directamente a la demandante, ni que ella se haya colocado voluntariamente de una posición de demandada original. Por el contrario, lo que implica es que ella no tenía responsabilidad alguna, ya que el detective envuelto, aunque era su empleado, estaba bajo contrato con "Pueblo", prestándole servicios a éste directamente, bajo su supervisión y control; y que "Pueblo" no podía evadir su responsabilidad amparándose en el subterfugio de que era empleado del contratista independiente "Private Police" y no de ella. Y precisamente a base de esa situación de hecho, es que se pide en la estipulación que el tribunal determine si conforme a derecho, es ella o "Pueblo" la responsable. El hecho de que el tribunal sentenciador, erróneamente a mi juicio, [15] dictara sentencia declarando sin lugar la demanda contra "Pueblo" y con lugar en contra de "Private Police" y su aseguradora; y que ni los demandantes ni ninguna otra de las partes apelaran esa sentencia exonerando a "Pueblo", dejando así que la misma se convirtiera en final y firme; no puede perjudicar a "Private Police" ni a su aseguradora.

Nos enfrentamos en este caso a una situación en que los demandantes pudieron utilizar los mecanismos procesales que las Reglas de Procedimiento Civil le conceden y no lo hicieron.

En su demanda original pudieron incluir a "Private Police" y "Puerto Rican-American" como codemandados y no lo hicieron.

Al dictarse la sentencia, en la cual se desestimó la reclamación contra "Pueblo", pero declarándola con lugar contra los terceros demandados "Private Police" y su aseguradora "Puerto Rican-American", los demandantes, o por lo menos su abogado, tenían que saber que conforme a la Regla 12.1 de las de Procedimiento Civil, la demanda contra terceros demandados radicada por "Pueblo" y su aseguradora,

---

(15) Y también de todo el Tribunal.

contra "Private Police" y su aseguradora, tenía como propósito que éstos le fueran responsables por todo o parte de la reclamación de los demandantes. *Castro* v. *Supermercado de Descuentos*, 99 D.P.R. 851 (1971) (Ramírez Bages) y casos allí citados; y que, conforme a dicha Regla, a "Private Police" y su aseguradora no podía hacérseles responsables directamente a los demandantes; ya que ellos fueron traídos al pleito únicamente para que le respondieran a "Pueblo", si así procedía en derecho; y si éste era hecho responsable a favor de los demandantes. Al dictarse la sentencia, los demandantes y/o su abogado pudieron haber pedido reconsideración de la misma y no lo hicieron. También tenían el camino expedito para revisar la misma ante este Tribunal y tampoco lo hicieron; permitiendo que se convirtiera en final y firme, al dejar transcurrir el término jurisdiccional que tenían para su revisión; permitiendo así se convirtiera en cosa juzgada.

Este es un caso en que la parte demandante, si hubiera llevado su caso conforme a las Reglas de Procedimiento Civil, quizás hubiera obtenido una sentencia a su favor; y es sensible que ahora no pueda conseguir el remedio solicitado; pero ella misma se ha puesto en esa situación embarazosa por omisión propia, al permitir que la sentencia exonerando a "Pueblo" se convirtiera en firme y final.

La opinión y sentencia de la cual disentimos equivale a invalidar las disposiciones claras y precisas de la Regla 12.1 y a dejarla sin efecto por *fiat* judicial.

Dada la conclusión a que estoy llegando, creo innecesario entrar a discutir la cuestión de la prescripción.

Por las razones expuestas, disiento de la opinión de la mayoría de este Tribunal, por la cual se reconsidera la sentencia de 29 de enero de 1973; en aquella parte ([16]) que confirma

---

([16]) Naturalmente que estoy conforme a la reconsideración de dicha sentencia, en el sentido de dejarla sin efecto en cuanto a "Pueblo".

la que dictó el Tribunal Superior condenando a "Private Police" y su aseguradora a indemnizar a los demandantes; y en su lugar debe dictarse sentencia declarando sin lugar la demanda en cuanto a dichos terceros demandados.

