In re ALLBRAND APPLIANCE & TELE-VISION COMPANY, INC., Brands Appliance Mart of Long Island, Inc., Brands Appliance Mart of Connecticut, Inc., ABCO Wholesalers of Connecticut, Inc., ABCO Brands Mart Rhode Island, Inc., Debtors.

Arthur C. UNGER, as Trustee of Allbrand Appliance and Television Company, Inc., Plaintiff-Appellant,

v.

CALORIC CORPORATION, Defendant,

Raytheon Company, Appellee.

No. 632, Docket 88–5034.

United States Court of Appeals, Second Circuit.

Argued Feb. 3, 1989.

Decided May 17, 1989.

Richard J. Rubin, New York City (Kurt J. Wolff, Otterbourg, Steindler, Houston & Rosen, P.C., New York City, of counsel), for plaintiff-appellant.

Carol Zerbe Hurford, New York City (Steven Lowenthal, Munves, Tanenhaus & Storch, P.C., New York City, of counsel), for appellee.

Before KAUFMAN, TIMBERS and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

Appellant Arthur C. Unger, a Trustee in bankruptcy of the Allbrand Appliance & Television Co., Inc. (Allbrand), appeals from an August 17, 1988 order of the United States District Court for the Southern District of New York (Sand, J.), which affirmed a bankruptcy court order holding that appellee Raytheon Company could not be added under Fed.R.Civ.P. 15(c) as a defendant to the pending bankruptcy proceeding. This appeal presents the single issue of whether under Rule 15(c) notice of an action served on a corporate subsidiary within the applicable period of limitations constitutes notice to its parent, even though the subsequently named parent did not receive actual notice of the action until after the limitations period had run.

The old procedural rules regarding service of process and notice of suit were so disarranged and complicated that often the practitioner, in choosing what course to follow, resembled a participant in the child's game of selecting which hand holds the prize: Choose the correct hand and suit would lie; choose the wrong one and suit was barred. It was for deliverance from this "sporting theory of justice" as Roscoe Pound termed it, *see* R. Pound, *The Causes of Popular Dissatisfaction with the Administration of Justice,* 29 American Bar Assn. Reports 395, 417 (1906), that the Federal Rules of Civil Procedure were promulgated. The Federal Rules turned away from this instinct of gamesmanship, *id.* at 404–05, in favor of decisions on the merits. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Mindful that the very nature of limitations periods contains an inherent arbitrariness, we think the purpose of the federal rules is best served by their uniform application. Hence, we affirm the district court's order.

## BACKGROUND

The material facts are largely undisputed. The underlying bankruptcy proceedings were commenced on October 17, 1980 and were converted to Chapter 7 liquidation proceedings on October 19, 1983. Pursuant to 11 U.S.C. § 341(a) (1982 & Supp. IV 1986), a meeting of creditors was held on the latter date, and a permanent Trustee in bankruptcy, the appellant Unger, was elected. Caloric Corporation (Caloric), a manufacturer of kitchen appliances specializing in top-of-the-line ranges, had sold and delivered goods to Allbrand, the debtor, which had issued checks in the amount of $265,759.40 to Caloric prior to the filing of its bankruptcy petition.

On October 18, 1985 Trustee Unger filed an action against Caloric seeking to avoid these alleged preferential transfers made to it by the debtor. A summons and complaint mailed the same day were received by defendant Caloric at its offices in Topton, Pennsylvania on October 24, 1985. Defendant forwarded the papers to its in-

house counsel, Beatrice T. Heveran, who received them on October 30, 1985 at Raytheon's corporate headquarters in Lexington, Massachusetts. At that time, attorney Heveran appears to have been in the employ of both Raytheon and Caloric.

The Trustee learned thereafter that Caloric had not been independently incorporated until December 13, 1982 when a certificate of incorporation was filed with the Delaware Secretary of State. Thus, "Caloric Corporation" did not exist at the time the alleged preferential transfers were made and was not properly named as a defendant in the action instituted by Unger. The proper defendant was "Raytheon Company, Caloric Corporation division." Caloric filed an amended answer asserting these facts and appellant countered by seeking to add Raytheon as a party defendant. The bankruptcy court thereafter found that Caloric had been a division of Raytheon, until December 13, 1982 when it became a separate corporate entity incorporated in the State of Delaware and a wholly-owned subsidiary of Raytheon. Headquarters of the two corporations are in different states, they share no common management or officers, and there is no evidence of common directors serving the parent and its subsidiary.

In its opinion and order of February 9, 1987 the bankruptcy court held that Raytheon could not be added as a defendant under Fed.R.Civ.P. 15(c). It stated that under 11 U.S.C. § 546(a) a two-year period of limitations applies to a preference action, and that the statute of limitations had commenced running on the date of the Trustee's election—October 19, 1983. The bankruptcy judge further ruled that the claim against Raytheon could not relate back because Caloric had not received notice of the action until after the period of limitations had run. On appeal, the district court remanded the matter to the bankruptcy court to determine the appropriate date for the two-year statute of limitations to commence. The choice was between October 19, 1983 the date upon which the § 341 election of Unger was held, or October 24 the date the bankruptcy court appointed him as Trustee.

On remand, the bankruptcy court held that from October 19 to October 24, the question of Unger's status as permanent Trustee was "in limbo." Because of that uncertainty, the bankruptcy judge held that the two-year period of limitations did not begin to run until October 24, 1983, and that Caloric, which had received the summons and complaint at its corporate offices in Pennsylvania on October 24, 1985 therefore had notice of the action within the limitations period. The bankruptcy court then turned to the question of whether Raytheon could thereby be added under Rule 15(c) as a party defendant. Relying upon the Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), it held that Raytheon could not be added because *it* did not receive adequate notice of the pending action until October 30, 1985—five days after the statute of limitations had run. The court also held that notice to Caloric could not be imputed to Raytheon under the so-called "identity of interest" exception to Rule 15(c). By an order dated August 17, 1988 the district court affirmed the findings and conclusions of the bankruptcy court. This appeal followed.

## DISCUSSION

1. *Relation Back Rule.* This dispute turns on the so-called "relation back" rule of Fed.R.Civ.P. 15(c) that provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a

mistake concerning the identity of the proper party, the action would have been brought against the party.

As the parties acknowledge, the present case is governed by *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). There, plaintiffs filed diversity actions on May 9, 1983 naming Fortune magazine, "a foreign corporation having its principal offices at Time and Life Building" in New York as the sole defendant. They alleged that they had been libeled by an article that appeared in Fortune's May 31, 1982 issue. Under state law, libel actions must be commenced within one year of the date of "substantial publication." The Court found that the period of limitations began to run at the latest on May 19, 1982. *See* 477 U.S. at 25, 106 S.Ct. at 2382. On May 20, 1983 plaintiffs mailed their complaints to Time, which were received by Time's registered agent on May 23. The agent refused service because Time was not named as defendant. The complaints were later amended to remedy that omission. In affirming the lower courts' dismissal of these complaints, the Supreme Court ruled that the amended complaints did not substitute Time as a defendant within the limitations period, and thus could not relate back to the original May 9 timely filing against Fortune magazine. *See* 477 U.S. at 27–31, 106 S.Ct. at 2383–85.

Rule 15(c) permits amendment to include a party not named in the original complaint. If properly made, the amended complaint shall "relate back" to the original date of filing. *Schiavone* held that the relation back rule may be employed only upon satisfying four factors: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for the mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period." 477 U.S. at 29, 106 S.Ct. at 2384; *see also* Fed.R.Civ.P. 15(c). "The linchpin [of relation back] is *notice,*

and *notice within the limitations period."* 477 U.S. at 31, 106 S.Ct. at 2385 (emphasis added). Because Time received notice of the action only after the statute of limitations had expired, the plain language of Rule 15(c) compelled a holding that the amendment did not relate back to the original filing date. *Id.*

As the Trustee correctly notes the instant case differs from *Schiavone* on its facts. In *Schiavone,* though the action was timely filed against Fortune magazine, neither it nor Time actually received notice within the period of limitations. Here, in contrast, the Trustee served, and Caloric received, the complaint prior to the expiration of the statutory period. Then, according to the Trustee, Caloric merely acted as Raytheon's agent and implemented a "procedure" by mailing the complaint to attorney Heveran at Raytheon's corporate offices in Massachusetts. Thus, the Trustee argues, because Caloric was timely served and received notice within the prescribed limitations period, Raytheon likewise had such notice adequate to permit its inclusion as a party defendant under Rule 15(c). *Schiavone,* appellant asserts, did not require "actual notice," rather, Caloric's mailing of the complaint received by its counsel —who also worked for Raytheon—within the two-year period gave Raytheon sufficient notice prior to the running of the statute so as not to prejudice it.

■ 2. *Rule Applied to this Case.* The language of Rule 15(c) and the dictates of *Schiavone* undermine the persuasiveness of the Trustee's argument for two reasons. First, Rule 15(c) is to be read as meaning what it plainly says. *See* 477 U.S. at 30, 106 S.Ct. at 2385. To counter this proposition, the Trustee urges that service is complete upon mailing as provided in Fed.R. Civ.P. 4, and since service is complete as to Caloric, the trustee continues, it is also timely as to Raytheon. But this view ignores the fact that whenever an amendment seeking to change a party is sought, the plain language of the Rule mandates that the new party receive *notice* within the statute of limitations period. And, insofar as our holding in *Ingram v. Kumar,*

585 F.2d 566, 571–72 (2d Cir.1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), may be read to hold the contrary, it cannot control the disposition of the case at bar in light of *Schiavone.* *See* 477 U.S. at 30, 106 S.Ct. at 2385 ("We are not inclined ... to temper the plain meaning [of Rule 15(c)] by engrafting upon it an extension of the limitations period equal to the ... reasonable time, inferred from Rule 4, for the service of a timely filed complaint."). Raytheon concededly did not receive notice of the preference action until October 30, 1985. Consequently, the relation back rule cannot justify adding Raytheon as a party defendant because it did not receive notice of suit within the two-year limitations period.

Second, the relation back rule "is intimately connected with the policy of the statute of limitations." *See* Advisory Committee Notes to Fed.R.Civ.P. 15(c). It is designed to operate equably with that statute, to accommodate the statute of limitations policies that prevent stale claims from being litigated, and permit their repose. Clearly the relation back rule was not designed to provide a means either to circumvent or to expand the limitations period. Hence, policy reasons also counsel against allowing Rule 15(c) to be construed so as to permit substitution of Raytheon as a party defendant.

■ 3. *Identity of Interest Exception.* Appellant further contends that the so-called "identity of interest" exception to the relation back rule applies in this case. Under that exception, the institution of an action against one party will constitute imputed notice to a party subsequently named by an amendment of the pleading when the parties are closely related in their business activities or linked in their corporate structure. Prior to *Schiavone* several circuits permitted such imputed notice. *See Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397 (9th Cir.1984); *Montalvo v. Tower Life Bldg.,* 426 F.2d 1135 (5th Cir.1970); *Travelers Indem. Co. v. United States,* 382 F.2d 103 (10th Cir. 1967). In *Schiavone,* the Supreme Court did not decide expressly whether the "iden-

tity of interest" exception was valid. It held only that the exception would not apply to the facts of that case, noting that "[t]imely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and *sufficiently related party.*" 477 U.S. at 29, 106 S.Ct. at 2384 (emphasis added).

In the instant case, the Trustee correctly observes that Caloric was timely notified, and argues that such notice may, under the identity of interest exception, be imputed to Raytheon. He asserts that *Schiavone's* two prerequisites—timely filing of the complaint and timely notice to the named party —are both fulfilled here. He contends that attorney Heveran served as counsel for Raytheon and Caloric, and that the parent paid her salary for services she rendered its subsidiary. Because of counsel's representation of Caloric before and after it became a separate wholly-owned subsidiary of Raytheon, and because the in-house procedure for the handling of suit papers followed in the instant matter was established by Raytheon, the Trustee urges that these facts clearly demonstrate a sufficient identity of interest between Caloric and Raytheon for notice to the former to be imputed to the latter.

We assume for purposes of this discussion that an identity of interest exception exists. But it is clear that sufficient identity of interest to warrant imputation of notice is lacking in this case. Courts accepting that rationale have required substantial structural and corporate identity, such as shared organizers, officers, directors, and offices, *see, e.g., Travelers Indem. Co. v. United States,* 382 F.2d at 106. In the instant case none of these relationships were found to exist between Raytheon and Caloric. Further, the parent-subsidiary relationship standing alone is simply not enough—as Professors Wright and Miller perhaps too optimistically state, *see* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1499, at p. 518 (1971) —to establish the identity of interest exception to the relation back rule. Greater identity of interest must be shown than this record reveals. The two businesses

must have organized or conducted their activities in a manner that strongly suggests a close linkage. Recognizing this, appellant makes much of the shared legal counsel and parses Heveran's role as Caloric's counsel into something more than it really was. Consequently, we conclude the identity of interest exception may not be used to impute to Raytheon the timely service of pleadings made on its subsidiary Caloric.

## CONCLUSION

Accordingly, the order appealed from is affirmed.